## No. 2003.—JOHN STEIB *v.* JOSEPH KAISER.

A surrender by an insolvent and the acceptance of the cession, vests the title to the property surrendered in the creditors. The insolvent can not, therefore, after the surrender is made, set up any claim to the property surrendered, founded on the charge that the property surrendered has been fraudulently sold or disposed of by the syndic of the creditors. The insolvent, having parted with all interest in the property by the surrender, can not be heard to complain of the illegal, fraudulent or simulated sale thereof by the syndic. He can not, therefore, maintain an action for the property which he has surrendered, against the purchaser at syndic's sale, on the ground that the sale made by the syndic was simulated, because if the sale by the syndic be shown to be simulated and null, that nullity would not inure to the benefit of the insolvent.

APPEAL from the Second Judicial District Court, parish of Jefferson. *Pardee, J. Preston & Labatt,* for plaintiff and appellee. *W. B. Hyman* and *Lacey & Butler,* for defendant and appellant.

TALIAFERRO, J. This is a petitory action to recover from the de-defendant, who is alleged to be in possession of and wrongfully to withhold from the petitioner, seven lots of ground in the parish of

43

Jefferson. The petition avers that he purchased the property sued for at a syndic's sale of property surrendered to his creditors by the defendant; that on the twenty-ninth of June, 1866, the defendant made a formal surrender of property under the insolvent laws of the State; that the surrender was duly accepted, a syndic appointed, and the property sold in pursuance of an order of the Third District Court of New Orleans; that, by the surrender, the title of the property passed to the defendant's creditors, and that plaintiff acquired title by virtue of the syndic's sale.

The defendant denies that petitioner has any legal right to the property in question. He avers that the plaintiff and one Krieger, purporting to act as syndic in the matter of Kaiser *v.* His Creditors pending in the Third District Court of New Orleans, conspired together to defraud both the defendant and his creditors; that the proceedings, by which the apparent title to the property was placed in Steib were all illegal and fraudulent; that the price pretended to be given was simulated and fictitious; that defendant has never been dispossessed; that there has never been any sale of the property on account of the creditors, and if the property is not his, it belongs to the creditors. He alleges that Krieger is still syndic. He prays that Krieger be made a party, in his capacity of syndic, to protect the interests of the creditors. He prays that the plaintiff's suit be dismissed.

Vandine, alleging himself to be a creditor of Kaiser, intervened in the suit, and adopts the allegations of the defendant. He prays citation against all the parties; that the suit be dismissed, and the property be decreed to belong to the creditors; that the creditors, and especially the opponent, have judgment against Steib, etc.

Judgment was rendered dismissing the intervention, and decreeing the plaintiff owner of the property in dispute, and that he be put in possession. A second trial was had, with the same result. From the judgment rendered the defendant alone has appealed.

The proceedings taken in this case on the part of the defendant and intervenor seem to be of a novel character. They clearly are without, that definiteness which it is desirable pleadings should always possess.

The defendant does not pretend that he has a better title than the plaintiff, nor does he pray to be decreed owner. The plaintiff shows muniments of title which indicate upon their face that he is the legal owner. The defendant does not deny the fact of his surrender in insolvency. This is clearly shown by the records introduced in evidence. These show that the very property in controversy was surrendered and sold, and that the plaintiff became the purchaser. The formal surrender of the property and the regular acceptance of the cession vested the title in the creditors. The defendant afterwards had no interest in the subsequent proceedings taken by the syndic or

the creditors. If there existed fraud and simulation in the matter of the sale, such as would have the effect of annulling the sale, we do not see how this could in any manner work injury to the defendant. It would seem rather to concern the creditors. But none of them are complaining. True, one of them intervened in this suit, but his claims and pretensions were rejected by the court below, and he has not appealed. We think the judgment of the lower court correct. Revised Statutes, page 356, section 1791; Morgan *v.* His Creditors, 7 L. R. 62.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs.

Rehearing refused.