O’NIELL, C. J.
 

 This suit is founded upon a judgment for $13,643.03, with interest at 8 per cent, per annum from its date, rendered against the defendant by a state court in El Paso, Tex., on the 19th of June, 1916. The present suit was filed on the 3d of March, 1927; that is, more than ten years after the judgment was rendered by the Texas court. The defendant being a nonresident, the plaintiff obtained a writ of attachment, under Which the sheriff seized a tract of land containing about 442 acres in Sabine parish and six lots in the town of Zwolle, in that parish. The defendant filed an exception of no cause or right of action, founded upon article 3547 of the Civil Code, declaring that a judgment for money, whether rendered in or outside of this state, shall be barred by the lapse of ten years unless kept in force by a suit brought for that purpose within the ten years in the court that rendered the judgment. The district judge sustained the plea and dismissed the suit. On appeal, this court set aside the judgment and remanded the case, reserving the right of the defendant to plead, and to show if he could, that the judgment was barred by the prescription of ten years. White v. Davis, 169 La. 101,124 So. 186. The defendant then answered the suit, and pleaded the prescription of ten years, under the article of the Code. His wife intervened in the suit, claiming that the property attached was transferred to her by her husband on the 8th of January, 1915, in satisfaction of a debt which he owed her for mon.ey which she had inherited from her parents and which he had spent for his own benefit. Mrs. Davis also pleaded that the judgment sued on was barred by the prescription of ten years, under article 3547 of the Civil Code. The district judge overruled, the pleas of prescription, and gave judgment for the plaintiffs for the amount of the Texas judgment, with interest. The writ of attachment was sustained, except on the- Zwolle lots; which 'were adjudged to belong to Mrs. Davis. She and her husband have appealed.
 

 The plaintiffs have moved to dismiss the defendant’s appeal, on the ground that, on the 6th of August, 1930, he filed a voluntary petition in bankruptcy, in the United States District Court for the Western District of Texas, El Paso Division, and, on his schedule of indebtedness, annexed to his petition, listed the judgment for $13,643.03, on which the present suit is founded, and thhton the 7th of August, 1930, he was adjudged a bankrupt, and on the 7th of November, 1930, was granted a discharge by a decree of the said United States District Court. Certified copies of the petition filed and decrees rendered in the bankruptcy proceeding are annexed to the motion to dismiss the appeal.
 

 The motion to dismiss is not well founded. The judgment appealed from was rendered on the 29th of September, 1930; that is, nearly two months after the defendant was adjudged a bankrupt. He had the right, but was not compelled, to invoke the bankruptcy proceedings for the purpose of staying further proceeding in this suit in the state court. But the plaintiffs have no interest in-insisting — and hence no right to insist — that the
 
 *561
 
 defendant shall claim a discharge from the ' debt on which the plaintiffs’ suit is founded, unless they desire to abandon the suit. If they had an interest in bringing the bankruptcy proceedings to the attention of the state court, in this case, they should have brought it in the district court; because a plea which might have been but was not made in the trial court is not allowed in the appellate court if it requires the introduction of evidence to sustain it.
 

 The position taken by the defendant in this case, as we understand, is that the debt which is evidenced by the judgment sued on was a valid obligation in Texas, when he filed his petition in bankruptcy, notwithstanding the judgment representing the debt was rendered invalid in Louisiana, by article 3547 of the Civil Code. Whether the defendant’s position in that respect is tenable or untenable is the question to be determined by his appeal to this court. The plaintiffs’ position, on the other hand, as we understand, is that the attachment of the property in Louisiana is valid, notwithstanding the defendant was, by the decree of the United States District Court for the Western District of Texas, released from the obligation, to enforce which the writ of attachment was levied. It was decided in Boynton v. Ball, 121 U. S. 457, 7 S. Ct. 981, 30 L. Ed. 985, with citation of numerous decisions, that a state court could not take judicial notice of the pendency of bankruptcy proceedings which the defendant in a suit in the state court had resorted to; that the provisions of section 5106 of the Revised Statutes of the United States, allowing a bankrupt to apply for a stay of proceedings against him in a state court pending a determination of the question of his discharge ip the bankruptcy court, were primarily for the benefit of the bankrupt, and that he might waive them; and that, even when he applied for a stay of proceedings in the state court, that court did not lose jurisdiction of the suit against the bankrupt. It is true that those decisions were rendered previous to the enactment of the Bankruptcy Law, the Act of July 1, 1898 (11 USOA1; but the principle announced is as appropriate to that statute as it was to section 5106 of the Revised Statutes of the United States.
 

 The appellees in this case cite Steib v. Kaiser, 23 La. Ann. 337, where it was held that an insolvent debtor who had surrendered his property to his creditors could not after-wards sue to annul a sale made of the property by the syndic of the insolvent estate. That decision is not at all appropriate here, because it is not alleged, and does not appear, that the defendant in this suit included the property attached in this suit in his list of assets, annexed to his petition in bankruptcy. It may well be assumed that he did not include this property in the list of assets filed with his petition in bankruptcy, because he had transferred the property to his wife more than fifteen years before he filed his petition in bankruptcy.
 

 The appellees cite also Waldauer v. Harris, 161 La. 10, 108 So. 107, where the defendant, in whose favor a judgment was rendered against the plaintiff, on a reconventional demand, was adjudged a bankrupt during the pendency of an appeal taken by the plaintiff from the judgment against him, and the judgment was sold under an order of the United States District Court, and was bought by the plaintiff, against whom it had been rendered. The appeal from the judgment was dismissed on the motion of the appellanf, because the judgment appealed from was extinguished by confusion. That case is not appropriate here.
 

 The motion to dismiss the appeal is overruled.