No. 2133.—A. S. MANSFIELD, E. E. NORTON, Assignee, *v.* MRS. M. L. DOHERTY et. als., CITIZENS' BANK et. als., Intervenors.

Prescription must be pleaded expressly and specially in order that the party against whom it is urged may have full notice to meet it. C. C. 3426, 3427.

APPEAL from the Seventh Judicial District Court, parish of West Feliciana. *Cooley, J. W. D. Winter,* for plaintiff and appellant, *Collins & Leake,* for defendants, *Wickliffe & Fisher,* for intervenors.

HOWE, J. The plaintiff sued the defendants, Mrs. M. L. Doherty, widow of Patrick Doherty, and Mrs. M. Ross and Miss Mary Doherty, issue of Patrick and Margaret L. Doherty, for a balance due on a mortgage note of five thousand dollars, with recognition of mortgage on certain property described in an act executed by defendants on the thirty-first December, 1866. The Citizens' Bank and others intervened, representing themselves to be creditors of Patrick Doherty, and entitled to be paid from the property of his succession in preference to the individual creditor of the heirs. The defendants pleaded the general issue, and specially averred that the property mortgaged belonged to the estate of Doherty, deceased, and that they were not authorized to mortgage it to the prejudice of the creditors of the succession. The plaintiff in response to the intervention pleaded the general issue, and specially denied the leading averments of the intervenors, and furthermore, "that the action of intervenors to make said property liable for the debts of the succession, if any they ever had, is barred by prescription."

Judgment was rendered in favor of plaintiff for a portion of his

A. S. Mansfield, E. E. Norton, Assignee, v. Mrs. M. L. Doherty et als., Citizens' Bank et als., Intervenors.

claim with interest and with recognition of mortgage on the land proved to be the paraphernal property of Mrs. Doherty, and in favor of intervenors against plaintiff, rejecting his claim of mortgage on the remainder of the property comprised in the act of mortgage, but proved to belong to the succession, and the plaintiff appealed.

The only question that seems to be presented on this appeal is whether the action of the intervenors should be declared to be prescribed. It is claimed by plaintiff in his brief that he pleaded the prescription of three months as to an action of separation of patrimony. To this the intervenors and the defendants reply that the plea above quoted is so vague and indefinite that it amounts to no plea at all, that they are at a loss to conjecture which of the manifold prescriptions is intended to be pleaded, and that it was properly disregarded by the court below.

We can not supply the plea of prescription. It should be pleaded, if at all, expressly and specially before the final judgment. C. C. 3426, 3427. The party against whom it is urged should have full notice to meet it, for it may be met in various ways. And in a case of this nature it ought to be entirely explicit. 15 La. 550.

We are of opinion that the court a qua did not err in considering the plea as not made in this case, and it is therefore ordered that the judgment appealed from be affirmed with costs.