(124 So. 186)

No. 28697.

WHITE et al. v. DAVIS.

Jan. 2, 1929. On the Merits July 8, 1929. Rehearing Denied, with Reasons Attached, Oct. 8, 1929.

Craig, Bolin & Magee and Lee & Williams, all of Mansfield, for appellant on exception.

Boone & Boone, of Many, for appellee.

On Motion to Remand.

ST. PAUL, J. Plaintiffs sue on a judgment rendered in their favor and against the defendant by the Forty-First judicial district court of El Paso county, Tex., on June 19, 1916. This suit was brought on March 3, 1927, being more than 10 years after said judgment was rendered; and they do not allege that said judgment has been renewed or extended.

Whereupon defendant filed exceptions to said suit in the following words:

"That plaintiffs' petition herein filed alleges no cause of action against defendant for the reason that the judgment alleged to have been obtained in cause No. 11,817 in the 41st Judicial District Court of El Paso, Texas, is alleged to have been rendered on June 19th, 1916, and not alleged to have been revived as required by the laws of Louisiana, and is therefore prescribed under the laws of this state by the prescription of ten years,

which prescription is specially pleaded in bar of said alleged debt, in bar of said alleged judgment, and in bar of this suit and any suit or action thereon.

"Wherefore defendant prays that this exception of no cause of action and plea of prescription of ten years in bar of said suit be sustained and plaintiffs' suit be dismissed, the writ of attachment herein issued be dissolved and set aside, and plaintiffs' demand be rejected at their costs, and for all needful orders and decrees and full and general relief."

The trial judge maintained said plea in the following words, to wit:

"In this cause, the same coming on for trial or an exception of no cause of action and plea of prescription of ten years filed by defendant in bar of the suit, and the same having been taken up and tried, and the law and the facts being in favor thereof, for reasons orally assigned:

"It is therefore ordered, adjudged and decreed that said exception of no cause of action and plea of prescription be and the same is hereby sustained and plaintiffs' suit dismissed at their cost."

This judgment was appealed from in due course, and in this court defendant complains that the *plea of prescription* was not in fact submitted along with the exception of *no cause of action*, although the minutes of the court and the preamble to the judgment so recite.

And accordingly defendant now moves this court to remand the case for the purpose of having the minutes of the lower court and the preamble to the judgment corrected to accord with the alleged facts.

It is not contended, however, that the exception of no cause of action was not regularly submitted and passed upon.

## I.

As we have said, the plaintiffs sue exclusively upon the judgment of June 19, 1916, and not upon the debt for which the judgment was given. And in Bailey v. Louisiana & N. W. R. R. Co., 159 La. 576, 105 So. 626, it was held that under Civ. Code, art. 3547, the only method of preventing a judgment from prescribing in 10 years was to revive said judgment within said 10 years. It is upon that principle that defendant bases his plea of no cause of action, contending that a judgment, whether rendered within or without the state, expires and lapses at the end of 10 years, unless revived by another judgment within that time; and hence where a judgment sued upon is on its face more than 10 years old it cannot be sued upon unless it be alleged that it has been duly revived.

## II.

■ However, the case is not now before us on the merits of that plea, and we cannot now pass upon it. This may be done only in due course and after hearing the parties thereon.

But it is clear that if that exception be well founded, as the trial judge found it to be, then it would serve no good purpose to remand the case in order to correct the alleged error in the minutes, etc., relative to the plea of prescription.

Accordingly, we have concluded not to allow the motion to remand at this time. When the exception of no cause of action is heard, the case will end if that exception be well founded. If the exception of no cause of action be not well founded, it will then be time enough to remand the case for further proceedings in connection with the plea of prescription.

We remark, incidentally, that at no time, either in this court or in the court below, have plaintiffs even suggested that the judg-

ment sued upon has ever been revived; and hence there is no suggestion, as yet, that plaintiffs have suffered any prejudice by the possible error on the part of the lower judge in not waiting to receive such evidence as they might adduce on the trial of the plea of prescription.

### Decree.

The motion to remand is therefore denied for the present, with leave to renew the same when the exception of no cause of action is argued.

### On the Merits.

BRUNOT, J. This case is fully stated in the opinion recently handed down by Justice ST. PAUL, the organ of the court, when it was before us on a motion to remand. A reading of that opinion will show that the only question now presented for review is the ruling of the trial judge on the defendants' exception of no cause of action.

Appellee coupled with his exception of no cause of action a plea of prescription. The trial judge heard the exception and plea on the face of the papers and sustained both.

The plaintiff contends that the petition sets forth a cause of action and, as relates to the plea of prescription, that he has not had his day in court. Appellee's counsel concede that the exception and plea of prescription were submitted to the court on the face of the papers, but they argue that prescription was not pleaded per se but was alleged in the exception of no cause of action, merely as the basis for that exception. They say in the brief they filed on the motion to remand, and to which brief they now direct our attention, that:

"If this court should hold, after due hearing on the merits, that the exception of no cause or right of action, based on prescription, is not triable on the face of the papers, then the judgment would be reversed," etc.

In our opinion, if an exception of no cause of action is based solely on a pleaded prescription of an alleged debt, the court must, of necessity, hold that plea to be well founded before the exception can be sustained. Whether or not a twofold proceeding of this character may be considered by the court, on the face of the papers, in a matter involving a domestic judgment, is not the question which is presented to us. This is a suit for a debt, evidenced by a foreign judgment, which was rendered in a Texas court, against a citizen of that state. In the suit plaintiff, a nonresident creditor, has attached property, in this state, which he alleges belongs to his nonresident debtor.

■ Appellee contends that, on the face of the papers, it appears that this suit was filed more than 10 years after the rendition of the judgment sued upon, the prescriptive period for all judgments in this state, and, as the petition does not negative prescription, that the petition does not disclose a cause of action. The plaintiff contends that he is not required to anticipate a plea of prescription and to show facts, in his petition, interrupting prescription, and that Civ. Code, art. 3547, is limited in its scope to domestic judgments.

We think the contention of plaintiff is correct. It is true that article 3547, Civ. Code, makes no distinction between domestic and foreign judgments, but it is the cardinal rule that, where a law is susceptible of two constructions, the one sustaining the constitutionality of the law should be adopted, rather than the one which would render it unconstitutional. To hold that a foreign judgment, to be effective as evidence of indebtedness in this state, must be revived within the time and in the manner provided by our Civil Code for the revival of domestic judgments, would contravene the full faith and credit

clause of the United States Constitution. Counsel for appellee say in brief that:

"The article 4, § 1; of the Constitution of the United States, which requires that 'full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state,' does not stand in the way of defendant availing himself of our laws relating to prescription under which the Texas judgment sued on is barred in this state."

In support of that contention counsel cite "McElmoyle v. Cohen, 13 U. S. Peters, 10 Law Ed. 185."[1] This is an erroneous citation. We have examined the general table of cases reported in each one of the 16 volumes of U. S. Peters, as given in volumes 7, 8, 9, and 10 Law Ed., and have failed to find the cited case. We are not prepared, therefore, to say what question was there involved or what application, if any, that case might have to the case at bar. In our opinion, if the contention of appellee's counsel be correct, the full faith and credit clause of the Federal Constitution would be meaningless, as to foreign judgments which had not been revived, in the forum which rendered them within 10 years after the date of their rendition, although the law of the state where rendered gives them full force and effect for a longer period of time.

The Legislature of one state cannot fix the prescriptive period for a debt in another, nor can it prescribe the procedure by which judgments of another state may be revived, or prescription interrupted.

We know of no authority which requires a plaintiff to anticipate a plea of prescription. If the petition otherwise sets forth a cause of action, the suit cannot be dismissed on an exception of no cause of action because the evidence of the debt sued upon is prescribed on its face. Prescription is a defense which must be pleaded, and there must be a hearing thereon, a fortiori the plaintiff might show an interruption of prescription. Prescription may be waived. Many persons observe their moral obligations as faithfully as they do their legally enforceable ones, and the books are full of cases where enforceable judgments have been rendered where prescription might have been successfully pleaded as a bar to recovery.

For these reasons we think the exception of no cause of action should have been overruled. It is therefore decreed that the judgment appealed from be and it is hereby avoided, and this case be and it is hereby remanded to the court below to be proceeded with according to law. It is further decreed that appellee, W. C. Davis, pay the costs of this appeal.

ROGERS, J., concurs in decree.

### On Application for Rehearing.

PER CURIAM. There was no error in holding that the exception of no cause of action, which rested upon the failure to negative prescription, should have been overruled and in remanding the case. However, the remarks in the opinion, handed down by us, touching the prescriptive period of foreign judgments and the interruption of prescription thereon, were unnecessary, and must not be considered binding. Should the plea of prescription be urged in the trial court, the questions touching prescription, in the event of an appeal, will then be considered by us. The failure to find the case of McElmoyle v. Cohen, 13 Peters, 10 Law Ed., was possibly due to the fact that the page of the citation was given from the middle of the decision.

Rehearing refused.

---

[1] The correct citation is McElmoyle v. Cohen, 13 Pet. 312, 10 L. Ed. 177.