## CONVENT et al. v. LAMA.*

### No. 16407.

Court of Appeal of Louisiana. Orleans.

June 22, 1936.

Johnston Armstrong, of New Orleans, for appellants.

O. H. Dabezies, of New Orleans, for appellee.

JANVIER, Judge.

Mrs. Mary R. Lama is the owner of the building designated as No. 2332 St. Louis street in this city. It was leased by her to Wallace Convent as a residence for himself and his wife. It is alleged in the petition in this matter that Convent's wife, on the 13th day of June, 1934, sustained injuries when she fell as she stepped upon a defective tread of the back stairs leading from the back porch to the ground. Convent prays for judgment in the sum of $50, alleging that this is the amount of the charge made by the doctor who was called upon to treat his wife, and his wife prays for judgment for $250 for the injuries and pain and suffering which she claims to have sustained.

The only defense which we need consider is a plea of prescription; defendant contending that the accident did not occur on June 13, 1934, but on April 28, 1934, and that, since the suit was not filed until May 7, 1935, the prescription of one year, as provided by article 3536 of the Civil Code, had accrued when the suit was filed.

In the court below there was judgment for defendant, from which we assume that our brother below concluded that the accident had occurred on the earlier date, because, on the merits of the case, there is no evidence which could possibly justify a judgment for defendant.

Therefore we approach the matter realizing that the sole question is one of fact; that is, whether the accident occurred on June 13th or April 28th. Numerically, the witnesses for plaintiffs, who fix the date as June 13th, have a slight preponderance; there being five as against four for the defendant. But, as has often been said, witnesses are not to be counted, but their testimony should be weighed. The rent collector for defendant states that

*Rehearing granted Oct. 5, 1936.

on April 28th he called on Mrs. Convent and advised her that, because of the fact that a notice to vacate had been served five days before and had produced no results, it was absolutely necessary that she pay the rent, which he states was then in arrears, and he further testifies that on that occasion Mrs. Convent said that she could not pay the rent, but told him of the defective condition of the back stairs, and of her accident.

Defendant, Mrs. Lama, states that on the next day she received from the rent collector a postal card advising her that the plaintiff had, on the day previously, complained of an accident and of the defective condition of the back steps, and the carpenter whom she sent to make the repairs also testifies that it was during the early part of May that he was sent and not during June.

On the other hand, the doctor who treated Mrs. Convent, the druggist who filled the prescription, and two other witnesses who claim to have been present definitely fix the date as June 13th.

The druggist testifies, however, that he filled other prescriptions on April 29th, which is the day after that on which defendant contends the accident occurred.

Counsel for plaintiff calls attention to the fact that defendant's rent collector claims to have made a note in his memorandum book setting forth the date on which Mrs. Convent told him of the accident and that, in spite of this fact, the said memorandum book was not produced. The failure to produce this book seems to have resulted from oversight, because it appears that other documents were referred to by various witnesses, and that on one occasion the case was continued in order that these documents might be produced, and, when this continuance was had, the judge below stated that the matter was continued in order that the documents might be produced, and he made no reference whatever to the memorandum book. So that it appears, as we have said, that the failure to produce the book may have been the result solely of oversight.

Were the matter presented to us without our having the assistance of the finding of our brother below, it would be indeed most difficult for us to reach a conclusion, because the evidence obviously does not substantially preponderate either way. But, in view of the fact that our brother below found for the defendant, we have no hesitation in saying that his judgment should not be reversed, since it is not manifestly erroneous. We therefore feel that the accident occurred on April 28, 1934.

■ Actions of this kind are barred by the prescription of one year, which is provided by article 3536 of the Civil Code, because it has been held, in Schoppel et al. v. Daly et al., 112 La. 201, 36 So. 322, 325, that such a suit is an action ex delicto and not ex contractu. There the court said: "The action of the plaintiffs is not based exclusively upon article 2695 of the Civil Code, nor upon the existence of the contract of lease referred to, though it and the article of the Code are both incidentally referred to. The action is one ex delicto for personal injuries to the wife. The existence of contractual relations between two parties is no bar to a right to damages for a tort committed pending the contract, though the contract may more or less affect their rights."

For the reasons assigned, the judgment appealed from is affirmed at the cost of appellants.

Affirmed.