ROGERS, Justice.
 

 Alleging itself to be a creditor of the Succession of Harry A. Thompson in the sum of $2260.32, Cicero A. Ramsey, Inc., opposed the final account of the executrix, Mrs. Harry A. Thompson. The executrix filed exceptions of no cause or right of action and prescription to the opposition. Without passing on the plea of prescription, the trial judge maintained the exception of no cause of action. The matter is now before us for review upon the application of the opponent.
 

 Opponent alleges in its opposition that, as of the date of incorporation, it was assigned certain accounts by Cicero A. Ramsey, representing monies loaned Harry A. Thompson, during his lifetime, extending over a period of years beginning May 21, 1923, and ending on March 28, 1925; that the decedent, during his lifetime, made various and sundry payments on this indebtedness, beginning April 3, 1925, and continuing through July 24, 1936, both to Cicero A. Ramsey and to opponent, as will more fully appear from an itemized statement attached to and made part of the opposition; that opponent made frequent demands upon the decedent during his lifetime for payment but had never been successful in obtaining payment in full, although it accepted partial payments on the indebtedness over a period of years; that periodical statements of the indebtedness were furnished the decedent during his lifetime, and that on February 4, 1937, the opponent received a letter from Mrs. Thompson, who is. now executrix of the succession, acknowledging receipt of its statement; that no protest has ever been raised in connection with any of the statements furnished questioning the amount of the indebtedness, the aggregate of the credits thereon, or the interest charged; that opponent has not been placed on the final account for the amount of its claim, and opponent prayed that its opposition be filed; that the account be amended by placing opponent thereon as a creditor in the sum of $2260.32, with interest, and that all its rights be reserved
 
 *485
 
 to proceed in a separate action against Mrs. Thompson, individually, the sole and only heir of the decedent.
 

 The account attached to the opposition shows that the last loan was made by Cicero A. Ramsey to Harry A. Thompson on March 28, 1925. It also shows credits allowed Harry A. Thompson, beginning April 3, 1925, to and including December 9, 1934, on which date a balance of $1835.90 is shown to be due. The interest charged on this balance, to and including December 8, 1937, less a credit of $135 allowed on July 24, 1936, for the purchase price of one Copeland Refrigerator, has increased the balance alleged to be due to the sum of $2260.32, which is the amount claimed in the opposition.
 

 In support of her exception of no right or cause of action, the executrix relies on Article 2278 of the Revised Civil Code, providing among other things that parol evidence shall not be received “to prove any acknowledgment or promise of a party deceased to pay any debt or liability, in order to take such debt or liability out of prescription, or to revive the same after prescription has run or been completed.” The executrix points out that the account annexed to the opposition discloses that the last loan by Cicero A. Ramsey to Harry A. Thompson was made on March 28, 1925; that according to the allegations of the opposition and the account attached thereto, opponents claim is for money lent, which is prescribed in three years under the provisions of Article 3538 of the Revised Civil Code; that there is no allegation that the opponent holds a written statement, note or bond of the decedent sufficient to interrupt prescription and, therefore, opponent can not prove by parol evidence the interruption of the three years’ prescription in the face of Article 2278 of the Code, which article specifically prohibits it.
 

 The trial judge maintained the exception of- no cause of action because, from the allegations of the opposition and the statement annexed thereto, the only proof possible of the alleged interruption of prescription would be by parol testimony, which is inadmissible.
 

 The primary question to be determined in this case is whether a plea of prescription can be urged and maintained under an exception of no cause of action.
 

 In the case of Davis v. Arkansas Southern R. Co., 117 La. 320, 41 So. 587, this Court, in discussing the creation and classification of exceptions by the lawmaker, declared, as shown by syllabus No. 3:
 

 “When the lawmaker in the Code of Practice established and classified exceptions of different kinds to be advanced at different stages of cases, and to be followed by announced consequences, it was intended that they should be resorted to under the circumstances stated. Courts should see that each exception should be made to perform the function properly appertaining to it, and not be allowed to have another substituted for it, and thus be lost, merged, and confused.”
 

 Although the exception of no causé of action is extremely broad in its scope, it is by no means all-embracing.
 
 *487
 
 The exception of no cause of action and the exception of prescription are among the numerous exceptions judicially recognized and enforced. The exceptions are separate and distinct pleas. The exception of no cause of action admits all well pleaded facts and must be disposed of on the face of the petition. The exception of prescription. does not necessarily do this. Prescription must be expressly and specially pleaded. The plea can not be supplied ex officio by the court. Generally speaking, the one who pleads prescription must furnish proof necessary to sustain the plea.
 

 The exception of no cause of action can not be made to fill the place of an exception or plea of prescription. It was so expressly decided in the case of White v. Davis, 169 La. 101, 124 So. 186. In that case, this Court held that plaintiff is not required to anticipate a plea of prescription and show facts in his petition interrupting presci-iption. The Court stated, at pages 107 and 108, 124 So. at page 188, of the opinion:
 

 “We know of no authority which requires a plaintiff to anticipate a plea of prescription. If the petition otherwise sets forth a cause of action, the suit cannot be dismissed on an exception of no cause of action because the evidence of the debt sued upon is prescribed on its face. Prescription is a defense which must be pleaded, and there must be a hearing thereon, a fortiori the plaintiff might show an interruption of prescription. Prescription may be waived. Many persons observe their moral obligations as faithfully as they do their legally enforceable ones, and the books are full of cases where enforceable judgments have been rendered where prescription might have been successfully pleaded as a bar to recovery.”
 

 In the case of Ruddock Orleans Cypress Co. v. De Luppe, 119 La. 952, 44 So. 794, this Court said [page 795]:
 

 “The allegations of a petition may disclose a perfect cause of action, while the plaintiff may not bé able to adduce the legal evidence necessary to make out his case. The difference between allegations and proof is obvious, and it will be time enough to discuss the admissibility of parol evidence when it is offered on the trial.”
 

 The provisions of Article 2278 of the Revised Civil Code can only be invoked when parol testimony is offered to prove the acknowledgment or promise of the decedent to pay the debt claimed by relator in order to take that debt out of prescription. In other words, the Court is not in a position to hold that the proof relator will offer in support of its demand is inadmissible until the proof has actually been offered on the trial of the plea of prescription.
 

 In this case relator has clearly stated a cause of action when it' alleged that there was a balance due it as assignee on loans made to the decedent during his lifetime and on which various and sundry payments were made. If opponent can show on the trial of the plea of prescription that even though the indebtedness sued on is prescribed on its face but that prescription has been interrupted by evi
 
 *489
 
 dence which is legally admissible, we see no reason why opponent should not be entitled to a judgment.
 

 For the reasons assigned, the judgment under review is annulled, the exception of no cause of action is overruled, and this case is remanded to the court below to be proceeded with- according to law; the cost of this proceeding to be paid by the respondent.
 

 LAND, J., recused.