### Succession of THOMPSON.

### Opposition of CICERO A. RAMSEY, Inc.
### No. 17359.

Court of Appeal of Louisiana, Orleans.
March 11, 1940.

Rehearing Denied April 8, 1940.

John R. Land, Jr., of New Orleans, for appellant.

Felix Wilfred Gaudin and Hilary J. Gaudin, both of New Orleans, for appellee.

WESTERFIELD, Judge.

Cicero A. Ramsey, Inc., opposed the final account of Elizabeth Thompson, testamentary executrix, in the Succession of Harry A. Thompson, alleging that it was the assignee of certain accounts representing moneys loaned to Harry A. Thompson during his lifetime and extending over a period of years, beginning May 1, 1923, and ending on March 20, 1925; that during his lifetime the decedent made a number of payments on account of the indebtedness; that frequent and unsuccessful demands were made for payment in full, though partial payments were made on the account; that statements of indebtedness were furnished decedent from time to time and particularly in February 1937, when opponent received a letter from Mrs. Thompson, now the executrix of this succession, acknowledging the receipt of a statement addressed to her husband; that no protest had ever been made, or question raised in connection with the statements furnished and finally that opponent was entitled to be placed on the account of the executrix as a creditor in the sum of $2,260.32, the alleged balance due, with interest, and it so prayed.

The executrix filed exceptions of no cause or right of action and prescription, which were maintained, or, at least, the exception of no cause of action was maintained. The exception of prescription, as was afterwards held by the Supreme Court —one of the judges thereof dissenting— was not passed upon. See Succession of Thompson, 191 La. 480, 186 So. 1. Writs of certiorari, mandamus and prohibition were applied for and granted by the Supreme Court, which, after consideration of the question, ordered that the judgment maintaining the exception of no cause of action be overruled, and the case remanded for further proceedings.

The executrix, in support of the exception of no cause of action, relied upon Article 2278 of the Revised Civil Code. This article declares that: "Parol evidence shall not be received: * * * To prove any acknowledgment or promise of a party deceased to pay any debt or liability, in order to take such debt or liability out of prescription, or to revive the same after prescription has run or been completed." Since the last loan made by Cicero A. Ramsey, the assignor of the opponent, Cicero A. Ramsey, Inc., to Harry A. Thompson was made on March 8, 1925,

according to the account annexed to the opposition, and since claims for money loaned, prescribe in three years (Article 3538 of the Revised Civil Code), and since there is no allegation in the opposition to the effect that opponent has a written statement sufficient to interrupt prescription, therefore it was argued that the only evidence which opponent could have produced was parol evidence which was not admissible in view of the prohibition contained in Article 2278. Consequently there was no cause of action. This argument prevailed below but the Supreme Court held otherwise, saying [191 La. 480, 186 So. 3]: "The exception of no cause of action cannot be made to fill the place of an exception or plea of prescription. It was so expressly decided in the case of White v. Davis, 169 La. 101, 124 So. 186. In that case, this Court held that plaintiff was not required to anticipate a plea of prescription and show facts in his petition interrupting prescription". And, again: "The provisions of Article 2278 of the Revised Civil Code can only be invoked when parol testimony is offered to prove the acknowledgment or promise of the decedent to pay the debt claimed by relator in order to take that debt out of prescription. In other words, the Court is not in a position to hold that the proof relator will offer in support of its demand is inadmissible until the proof has actually been offered on the trial of the plea of prescription." And, finally the court said that possibly opponent could prove "by evidence which is legally admissible" that the indebtedness, though on the face of the pleadings prescribed, was nevertheless actionable because of the interruption of prescription and that, if so, it should be given the opportunity to present the evidence and the case was remanded for that purpose.

A trial was had upon the merits and no legally competent evidence having been offered to prove the interruption of prescription the exception of prescription was maintained and the claim of opponent again dismissed.

In the meantime, a waiver, or remittitur, reducing the amount of plaintiff's claim, which was originally $2,260.32, by the sum of $361.65, was filed by plaintiff, thus conferring appellate jurisdiction upon this court to which an appeal was in due course perfected.

The argument here on behalf of opponent is that the prescription applicable is not three years but ten years because the claim sued on is not simply for money lent on an open account, which is prescribed in three years, but, a stated account, the prescription of which is ten years. Article 3544 of the Revised Civil Code. This account, it is contended, became stated "a reasonable time after February 4th, 1937, which time must be determined by the court with reference to the relations of the parties, or the usual course of business of the particular class of persons concerned." The date mentioned is that of the letter written by Mrs. Thompson to opponent in which she stated that her husband was ill and that, as soon as he recovered, the statement which had been sent to him would receive his attention. Thompson, who apparently did not recover from his illness, died about nine months after this letter was written without having complained or questioned the account. It is this silence during the nine months prior to his death which, it is claimed, had the effect of an acknowledgment of the correctness of the account giving it the status of a stated account to which the prescription of ten years is applicable.

In Darby & Tremoulet et al. v. Widow Charles Lastrapes, 1876, 28 La.Ann. 605, it was said: "A written acknowledgment is not necessary to constitute an account stated. An account rendered, unless objected to within a reasonable time, is an account closed, compte arrete, from its presumed approval. What is a reasonable time will depend upon the relations of the parties and the usual course of their business. An account closed, un compte arrête is prescriptible only by the lapse of ten years, and the onus was on the defendant to show that any portion of it was not due, which has not been done." (Syllabus by the Court)

But we need not consider whether this account has been tacitly acknowledged so as to confer the status of stated account because, since the adoption of Act No. 78 of 1888 amending Article 3538 of the Civil Code of 1870, the prescription of three years applies to stated as well as open accounts. The article as amended reads in part as follows:

"The following actions are prescribed by three years: * * *

"That for the payment of money lent. * * *

"That on the accounts of merchants, whether selling for wholesale or retail.

"That on the accounts of retailers of provisions, and that of retailers of liquors, who do not sell ardent spirits in less quantities than a quart.

"That on all other accounts.

"This prescription only ceases from the time there has been an account acknowledged in writing, a note or bond given, or an action commenced."

In Succession of Spann, 169 La. 412, 125 So. 289, 291, the Court held: "It. has been held that the purpose of the amendment made to article 3538 of the Code by Act 78 of 1888 was to make the prescription of 3 years applicable to accounts stated or rendered and verbally or tacitly acknowledged, and thereby ·to remove such accounts from the prescription of 10 years, under which it was theretofore held that they came. Sleet v. Sleet, 109 La. 302, 308, 33 So. 322; Henry Block Co., Ltd., v. Papania, 121 La. 683, 46 So. 694."

It follows that the account sued on, whether stated or open, had long since prescribed when this suit was brought and that since no legally admissible evidence of the interruption of prescription was offered, the opposition was properly dismissed. Consequently, and

For the reasons herein assigned, the judgment appealed from is affirmed.

Affirmed.