JANVIER, Judge.
Plaintiffs, Mr. and Mrs. Joseph J. Ai-ola,. were tenants in the property 2510 Burgundy Street, in New Orleans, on September 28, 1958. They brought this suit against the owners of the property, Mrs. Josephine DiMartino, and her liability insurance carrier, Lumber Mutual Fire -Insurance Company of Boston, alleging that “in October of 1958” Mrs. Aiola sustained physical injury as a result of a fall caused by defective stairs consisting of three steps' leading from the rear of the house to the ground,. Mrs. Aiola prayed for judgment in the sum of $4,000.00 for her - pain . and suffering, and Mr. Aiola sought recovery of $200,00 as the cost of medical attention required by Mrs. Aiola.
Defendants, by exceptions of no Cause of ■action, no right of action and vagueness sought dismissal of-the- suit or to have plaintiffs amend their petition to show the exact day on which the alleged accident had occurred. The exceptions of no right of action and no cause of action were referred to the merits and the exception of vagueness was sustained with the right to amend, and plaintiffs then alleged that the accident had occurred on October 3, 1958.
Defendants then answered, denying the occurrence of the accident and, in their answer, while they did not expressly plead the prescription of one, year, they did aver that if there had been an accident, which they denied, it “occurred at an early date in September, 1958, and did not occur on October 3, 1959 * * * ”
After a trial of some length there was judgment dismissing the suit. In his re-sons for judgment the District Judge said:
“While there is some dispute as to whether or not the alleged fall took place in September or October of 1958, this issue is not important.”
Therefore, pretermitting the question which would have been presented had there been a plea of prescription, the District Judge based his dismissal of the suit primarily on his conclusion that there had been no accident.
In defendants’ brief in. the lower court counsel made the following statement:
*152 “ * * * the accident occurred at least fifteen days before it was alleged to have occurred by the plaintiffs, and, since their petition was filed only five days before the anniversary of their alleged date of accident, their claims have prescribed by law.”
During the argument in this court counsel for defendants stated that he would file a plea of prescription of one year and on the day following the argument he did file such a plea. Counsel for plaintiffs then filed an opposition to this plea contending that it was filed after the matter had been submitted in this court and therefore could not be considered. If it may be considered and is well founded, the suit must be dismissed for it is well settled that the prescription of one year is applicable to an action by a lessee against the lessor for damages caused by defects in the leased premises. In Convent v. Lama, La.App., 169 So. 95, 96, we said:
“Actions of this kind are barred by the prescription of one year, which is provided by article 3536 of the Civil Code, because it has been held, in Schoppel et al. v. Daly et al., 112 La. 201, 36 So. 322, 325, that such a suit is an action ex delicto and not ex contractu. There the court said: ‘The action of the plaintiffs is not based exclusively upon article 2695 of the Civil Code, nor upon the existence of the contract of lease referred to, though it and the article of the Code are both incidentally referred to. The action is one ex delicto for personal injuries to the wife. The existence of contractual relations between two parties is no bar to a right to damages for a tort committed pending the contract, though the contract may more or less affect their rights.’ ”
See, also, La.App., 172 So. 553, in which we remanded the case for further evidence.
Therefore, there is presented the question of whether we may consider this plea which was not expressly and formally filed until after the matter had been submitted but which was orally suggested during the argument.
In O’Hara v. City of New Orleans, 30 La.Ann. 152, the Supreme Court considered a case in which a plea of prescription was filed in that court three days after the matter had been submitted on the merits. Referring to Articles 346 and 902 of the Code of Practice, the court said:
“The letter of these articles indicates that, in the appellate as well as in the lower court, such a plea should be filed on the trial, at any state of the trial, and before submitting the cause to the court. Otherwise, how construe that part of article 346 which provides ‘that the peremptory exception shall be pleaded in time to allow the adverse party to bring his evidence,’ etc. — and that part of article 902 which gives to that party the privilege of having the cause remanded?
“The plea of prescription urged by defendant was not filed at any stage of the trial, but after the trial and cannot be considered.”
In Merchants Adjustment Bureau v. Malta, La.App., 102 So.2d 781, 784, the Court of Appeal for the Second Circuit, said:
“In view of the fact that courts cannot supply a plea of prescription (LSA-C.C. Art. 3463) but that prescription must be expressly pleaded by the party relying thereon (LSA-C.C. Art. 3464 and C.P. Art. 346), presentation of the issue in brief or oral argument is neither sufficient to raise the issue of prescription nor to stand in lieu of a formal plea of prescription. Mansfield v. Doherty, 21 La.Ann. 395; Daniel & J. D. Edwards v. Harrison, et al., 23 La.Ann. 473; State ex rel. Watkins v. Baten, 48 La.Ann. 1538, 21 So. 119; De Bouchel v. Koss Const. Co., Inc., 180 La. 615, 157 So.’ 270; Succession of Thompson, 191 La. 480, *153 186 So. 1; Pelican Well Tool & Supply Co. v. Dickson, 12 La.App. 545, 126 So. 543; Carpenter v. Cox, La. App., 186 So. 863; Smith v. Jones, La.App., 8 So.2d 352.
“Even the particular prescription relied upon must be stated in the exception, otherwise it cannot be considered by the court. Gaines v. Succession of Del Campo, 30 La.Ann. 245, 246.
“Therefore, we have no alternative under the settled jurisprudence other than to ignore the plea as having been filed too late — we are powerless to give it any consideration.”
In Cipriano v. Superior Realty & Construction Corporation, 228 La. 1065, 84 So. 2d 822, 825, the Supreme Court refused to consider a plea of prescription and in a footnote appears the following:
“In the instant case plaintiff instituted his suit a little more than a year from the date of the sale. However, defendants have not pleaded the prescription of one year, and it is well settled that prescription must be expressly pleaded and that such a plea cannot be supplied ex officio by this court. See Succession of Thompson, 191 La. 480, 186 So. 1.”
The question is interesting because, although the written plea was not filed until after the matter had been submitted, it was orally referred to during the argument and counsel for defendants stated that he would file the written plea of prescription as soon as the argument was concluded. We feel sure that had he asked for a recess in order that the plea might be filed, his request would have been granted.
Because of doubt on this interesting question we have carefully studied the record in an effort to determine whether there was any such accident and have concluded that the record does not establish with any degree of certainty at all that there was any such occurrence. Mrs. Aiola did not consult a doctor until June, 1959, more than six months after the alleged occurrence. In explanation of this it is contended that the plaintiffs could not afford to employ a doctor and this in spite of the fact that at that time Mr. Aiola was earning $600 a month and a few days before had been paid a half month’s salary.
Furthermore, the record conclusively shows that if there was any such accident, and this is not shown with any degree of certainty, it did not occur on October 3 but occurred early in September. The date, October 3, was adopted only because of fear that prescription had occurred and evidences a willingness to avoid the truth.
Under all the circumstances, we have no doubt that the judgment which dismissed the suit was correct.
The judgment appealed from is affirmed at the cost of 'appellant. •
Affirmed.