144 So.2d 558 (1962)
CITY OF NEW ORLEANS
v.
Mrs. Rosina Di BENEDETTO.
No. 594.
Court of Appeal of Louisiana, Fourth Circuit.
September 17, 1962.
*559 Oliver P. Carriere, Jr., and Salvatore Panzeca, of Racivitch, Johnson, Wegmann & Mouledoux, New Orleans, special counsel for City of New Orleans, Alvin J. Liska, City Atty., Thomas A. Early, Asst. City Atty., for plaintiff-appellee.
Leonard A. Calcagno, New Orleans, for defendant-appellant.
Before AYRES, DAWKINS and ALLEN, JJ.
HARWELL L. ALLEN, Judge ad hoc.
This is an action brought by the City of New Orleans to restrain and enjoin the defendant, Mrs. Rosina Di Benedetto, from using and maintaining the property known as 4423-25 Arts Street in the City of New Orleans as more than a two-family dwelling. Judgment was rendered for plaintiff and the defendant has appealed.
It was stipulated that there are actually three distinct apartments or dwelling units on the premises of defendant and that the property is located in a Zone "B" area which, under Article IX, Section 2 of the Comprehensive Zoning Law of the City of New Orleans, can only be used for two-family dwellings.
It is the contention of defendant that the three apartments were in existence at the time the zoning ordinance went into effect, that they have not been vacant for more than six months at any one period and the dwelling enjoys a legal non-conforming status.
Plaintiff claims that the basement area was not renovated and made into a third apartment until 1959 but concedes that if the three apartments were in existence when the zoning ordinance went into effect, its continued use as such cannot be enjoined unless one of the apartments has remained vacant for a continuous period of six calendar months.
Mrs. Di Benedetto and her two sons testified that the house was built in 1938 and that the lower apartment was occupied for more than twenty years prior to June 10, 1959. They named at least five tenants but did not summon any of them as witnesses or explain their absence. One of the fundamental rules of evidence is that a failure to call an available witness possessing peculiar knowledge concerning facts essential to a party's case raises an inference or presumption that the testimony of the witness not called would not sustain his contention. Bates v. Blitz, 205 La. 536, 17 So.2d 816.
The City produced George J. Panzeca, next door neighbor to defendant, who testified *560 that he moved into his home at 4433 Arts Street on October 20, 1958, that he was familiar with Mrs. Di Benedetto's home and from October, 1958, to January, 1959, no one lived in the downstairs area and it was not an apartment. The City building inspector, Frank E. Robin, testified that he made an inspection of these premises on July 15, 1959, that the residence contained two separate culinary facilities and there was no zoning violation. He again inspected the premises on December 30, 1959, and at that time the basement area had been renovated and made into an apartment with complete culinary facilities.
Although the trial judge did not assign reasons for judgment, it is apparent he found that in 1959 this two-family dwelling had been converted into three apartments through renovations and the addition of complete culinary facilities in the basement area.
The issue presented on this appeal involves solely a question of fact. It is well settled that where the trial judge has seen, heard and observed the witnesses, his judgment on a question of fact will not be disturbed unless manifestly erroneous. Fouquier v. Fouquier, 231 La. 430, 91 So.2d 591; Barlotta v. Walker, 223 La. 157, 65 So.2d 122. We have examined the record and are convinced that the trial judge was correct in finding that this dwelling did not have a legal non-conforming status and that its use for more than a two-family dwelling should be enjoined and restrained.
In her brief filed in this court, defendant states that she inadvertently failed to plead prescription and peremption in the district court and that "defendant-appellant here specially pleads prescription and peremption of plaintiff-appellee's action under the provisions of Act 455 of 1956 (R.S. 9:5625)".
A plea of prescription is a peremptory exception and may be filed for the first time in the appellate court if pleaded prior to a submission of the case for decision and if proof of the ground of the exception appears of record. LSA-C.C.P. Art. 2163. It must, however, be specially presented by the pleadings and not by brief. It is well settled that briefs are merely written arguments and make no part of the pleadings. Chase v. Davis, 20 La.Ann. 201.
In Merchants Adjustment Bureau, Inc. v. Malta, Court of Appeal, Second Circuit, 102 So.2d 781, the court said:
"In view of the fact the courts cannot supply a plea of prescription (LSA-C.C. Art. 3463) but that prescription must be expressly pleaded by the party relying thereon (LSA-C.C. Art. 3464 and C.P. Art. 346), presentation of the issue in brief or oral argument is neither sufficient to raise the issue of prescription nor to stand in lieu of a formal plea of prescription. Mansfield v. Doherty, 21 La.Ann. 395; Daniel & J. D. Edwards v. Harrison et al., 23 La. Ann. 473; State ex rel. Watkins v. Baten, 48 La.Ann. 1538, 21 So. 119; De Bouchel v. Koss Const. Co. Inc., 180 La. 615, 157 So. 270; Succession of Thompson, 191 La. 480, 186 So. 1; Pelican Well Tool & Supply Co. v. Dickson, 12 La.App. 545, 126 So. 543; Carpenter v. Cox, La.App., 186 So. 863; Smith v. Jones, La.App., 8 So.2d 352.
"Even the particular prescription relied upon must be stated in the exception, otherwise it cannot be considered by the court. Gaines v. Succession of Del Campo, 30 La.Ann. 245, 246.
"Therefore, we have no alternative under the settled jurisprudence other than to ignore the plea as having been filed too latewe are powerless to give it any consideration."
See also Geraci v. Di Martino et al., Court of Appeal, Fourth Circuit, 136 So.2d 151.
Since the defendant has only raised the issue of prescription in her brief and *561 has not filed a formal plea of prescription, we cannot consider it.
For the reasons assigned, the judgment appealed from is hereby affirmed at appellant's cost.
Affirmed.