SAMUEL, Judge.
This suit, arising out of the alleged unlawful taking, occupying and destroying of plaintiff’s property by the defendant, is for the value of portions of that property and damages to the remainder thereof. Plaintiff has appealed from a judgment maintaining defendant’s exception of prescription and dismissing his suit. The prescription involved is that of two years under the provisions of LSA-R.S. 9:5626.
The petition was filed on May 7, 1962. It alleges that plaintiff is the owner of two ■certain pieces of immovable property in the Parish of Jefferson and that “At some time or times subsequent to October 11, 1948, the date or dates being known to defendant, and probably during the year 1960, * * * ” defendant took, occupied and destroyed portions of said properties for the purpose of constructing or enlarging the levee along the Jefferson Parish side of the Seventeenth Street Canal in one instance and of the Parish Line Canal in the other, at the same time blocking access to the remainder of each piece of property.
The only evidence introduced at the trial of the exception was a certified copy of a resolution, adopted by the defendant at a meeting held on February 8, 1949, appropriating “ * * * all lands, all easements, and all servitudes or rights of way necessary for Flood Control Project, Lake Pontchartrain, Jefferson Parish, Louisiana, in connection with the Seventeenth street Canal Enlargement along the Orleans-Jefferson Parish Line, * * * It is conceded that this resolution includes one piece of plaintiff’s property and that it does not include the other piece which is on the Parish Line Canal.
LSA-R.S. 9:5626, a new section added by Act 11 of the Extra Session of 1958, reads as follows:
“When lands are appropriated for levees or levee drainage purposes all claims and actions for payment under Article XVI, Section 6 of the Constitution of 1921 for lands and improvements thereon actually used or destroyed for levees or levee drainage purposes shall prescribe within two years from the date on which the property was actually occupied and used or destroyed for construction of levees or levee drainage works, or, in the case of lands and improvements heretofore so occupied and used or destroyed, such prescription shall accrue two years from November 17, 1958. This prescription shall run against interdicts, married women, absentees, minors, and all others now excepted by law.” LSA-R.S. 9:5626.
Most of the argument before this court is concerned with the question of whether or not LSA-R.S. 9:5626 is applicable in the instant case and, in connection therewith, emphasis has been placed on a footnote comment (No. 9) which appears in the case of A. K. Roy, Inc. v. Board of Commissioners for Pontchartrain Levee District, 237 La. 541, 111 So.2d 765. But that question is presented for our determination only if the record establishes that the prescriptive period of two years actually has accrued.
The burden of proving the running of the prescriptive period is upon the litigant pleading the prescription, in this case the defendant. Walter v. Calcasieu Nat. Bank of Lake Charles, 192 La. 402, 188 So. 43; Succession of Thompson, 191 La. 480, 186 So. 1; Hunter v. Martien, 135 La. 351, 65 So. 486.
As above set forth the petition alleges that the occupation and destruction of the property took place after October 11, 1948 and “ * * * probably during the year I960,' * * If prescription began to run in 1960, after May 7 of that year, and this *526 possibility is included in the quoted allegation of the petition, it had not accrued at the time this suit was filed on May 7, 1962.
Under the specific provisions of the quoted statute, in cases including those arising prior and those arising subsequent to Act 11 of 1958, the prescription begins to run on the date the property " * * * was actually occupied and used or destroyed for construction of levees or levee drainage works, * * The fact that prescription begins to run only upon actual occupancy and use or destruction made it incumbent upon the defendant to prove the date or dates the properties actually were occupied and used or destroyed and, if such date or dates were subsequent to Act 11 of 1958, the occurrence of the same sufficiently early so as to result in the lapse of two years from such occurrence to May 17, 1962, the date this suit was filed. More succinctly, it was incumbent upon the defendant to prove it had occupied and used or destroyed plaintiff’s properties prior to May 7, 1960.
The defendant has failed to carry that burden of proof. The certified copy of the defendant’s resolution appropriating property in connection with an enlargement of the Seventeenth Street Canal is the only evidence in the record other than the petition. That resolution is not an occupying and using or destroying as set out in the statute; and the resolution, by itself, does not commence the running of prescription.
Defendant having failed to prove that it actually occupied and used or destroyed plaintiff’s properties prior to May 7, 1960, its exception of prescription cannot be maintained.
For the reasons assigned, the judgment appealed from is set aside and the matter is remanded to the Twenty-Third Judicial District Court for the Parish of St. James for further proceedings according to law. The right to renew its exception of prescription, or to interpose a plea of prescription, is reserved to the defendant.
Set aside and remanded.