DOMENGEAUX, Judge.
Plaintiff, Everett L. Hoffpauir, instituted this action to recover benefits allegedly due under a disability insurance policy issued by the defendant, Bankers Life & Casualty Company, and further sought statutory penalties and attorney’s fees based upon defendant’s failure to perform its obligation under the contract of insurance. Defendant filed a peremptory exception of no cause of action based upon prescription which the trial judge sustained. From this judgment plaintiff has appealed.
According to the record no evidentiary hearing was held on the exception. LSA-C.C.P. Article 931 provides in part:
No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action.”
We are of the opinion that prescription and no cause of action cannot be compatibly raised in the same exception. Generally, the exception of no cause of action requires that the trial judge determine its merits by reference to the petition and exhibits attached thereto and is triable on the face of the papers. Succession of Lambright v. Lambright, 252 So.2d 349 (La.App. 3rd Cir. 1971). However, the exception of prescription requires an evi-dentiary hearing for the simple reason that, although a cause of action may appear to be prescribed on its face, prescription may be waived, interrupted, or inapplicable for a number of different reasons. Obviously such a determination cannot be made by a mere perusal of the pleadings which a plaintiff has filed.
*411 As the Supreme Court held in White v. Davis, 169 La. 101, 124 So. 186 (1929):
“We know of no authority which requires a plaintiff to anticipate a plea of prescription. If the petition otherwise sets forth a cause of action, the suit cannot be dismissed on an exception of no cause of action because the evidence of the debt sued upon is prescribed on its face. Prescription is a defense which must be pleaded, and there must be a hearing thereon, a fortiori the plaintiff might show an interruption of prescription. Prescription may be waived. Many persons observe their moral obligations as faithfully as they do their legally enforceable ones, and the books are full of cases where enforceable judgments have been rendered where prescription might have been successfully pleaded as a bar to recovery.”
See also the case of Succession of Thompson, 191 La. 480, 186 So. 1 (1938), in which the court stated:
“The exception of no cause of action can not be made to fill the place of an exception or plea of prescription.”
Also applicable to this litigation is the case of Brooks v. Robinson, 163 So.2d 186 (La.App. 4th Cir. 1964), writ refused 246 La. 583, 165 So.2d 481, which states that a petition:
‘ . . . stating a prescribed cause of action is not the equivalent of stating no cause of action at all; the two grounds of exception are distinct.” (Emphasis added.)
In the instant litigation, defendant’s contention that plaintiff’s cause of action is barred by prescription may well be a valid and meritorious one. However, such a determination cannot be made by a mere reference to the face of the pleadings filed by the plaintiff. In order to sustain a plea of prescription, which is separate and distinct from an exception of no cause of action, evidence must be adduced to support or controvert the objection. In ruling upon the exception of no cause of action, we must view plaintiff’s petition in the most favorable light and in doing so find that it states a cause of action, prescribed or otherwise.
The case of Hall v. Provident Life and Accident Insurance Company, 250 So.2d 435 (La.App. 3rd Cir. 1971) relied upon by the trial judge involved the use of summary judgment proceedings and hence is not applicable to the factual situation presented by the case at hand.
For the above and foregoing reasons the judgment of the district court is reversed and judgment is hereby rendered overruling defendant’s exception of no cause of action, and this case is remanded for further proceedings not inconsistent with the views herein expressed.
Costs of this appeal are assessed against defendant. Assessment of costs of the trial court must await a final determination there.

REVERSED AND REMANDED.