997 So.2d 605 (2008)
Leroy D. HOLMES (Qiona S. Holmes, Deceased) and Shevella Holmes, Plaintiffs-Appellants
v.
LSU/E. A. CONWAY MEDICAL CENTER, Defendant-Appellee.
No. 43,662-CA.
Court of Appeal of Louisiana, Second Circuit.
October 22, 2008.
*607 Charles D. Jones, for Appellants.
Hayes, Harkey, Smith & Cascio, by Bruce M. Mintz, Laura S. Achord, Monroe, for Appellee, St. Francis Medical Center.
Before STEWART, GASKINS and CARAWAY, JJ.
CARAWAY, J.
The hospital which was named as a defendant in a malpractice claim arising from the death of an infant sought and was granted an exception of prescription dismissing it from the action filed before a medical review panel. The time between the death of the infant and the institution of the medical panel review was almost two years, and at the trial of the exception of prescription the plaintiffs presented no evidence to the court. The plaintiffs appeal the dismissal of their claims against the hospital. We affirm.

Facts
On the evening of January 25, 2005, Shevella Holmes, who was six month pregnant, went into premature labor. Holmes first presented to West Carroll Memorial Hospital but delivered her child at E.A. Conway Medical Center in Monroe, Louisiana, the following morning. The child was quickly transported to St. Francis Medical Center ("St. Francis") for treatment but died two days later from complications resulting from the premature birth and other alleged negligence on the part of St. Francis which now serves as the basis for this dispute.
On June 22, 2005, Holmes and her husband, Leroy, instituted a wrongful death suit, individually, and on behalf of the minor child, against West Carroll Memorial Hospital, West Carroll Ambulance Service District and E.A. Conway Medical Center raising claims of wrongful refusal to provide services, failure to properly provide medical services within prescribed standards, and general negligence in treatment. By consent judgment, the suit was dismissed on the grounds of prematurity on August 12, 2005.
On January 5, 2007, the Holmeses sent a letter (hereinafter the "MRP letter") to the Louisiana Division of Administration seeking a medical review panel for consideration *608 of their claims against St. Francis. In addition to the defendants named in the prior lawsuit, St. Francis was also named as a defendant. The plaintiffs alleged in their complaint accompanying the MRP letter that St. Francis was negligent in the failure to "properly advise the patient," or to "provide the proper skill and judgment required" and "other acts of medical malpractice and medical negligence."
On October 30, 2007, St. Francis filed a peremptory exception of prescription arguing that the plaintiffs' case had prescribed on its face. Plaintiffs filed an opposition memorandum eight days before the hearing. Plaintiffs argued that their filing of the MRP letter and complaint on January 11, 2007, was timely filed "approximately four months after discovering facts sufficient to put [them] on notice that their claims had to be filed under the Medical [M]alpractice Act, all within a year of discovering same and certainly within three years of the alleged acts of malpractice."
At the hearing on the exception, the parties submitted the matter on argument and brief without any evidence presented by either side. Counsel for plaintiffs argued that "to the best of their ability ... to get the information regarding who the providers were and the fact that they thought that there was something wrong," "it was well within the year that this action was filed with the Patient's Compensation Fund and well within three years." Counsel also argued that La. R.S. 9:5628 was unconstitutionally vague, "because it excessively denied these plaintiffs of their access to the court."
The trial court took the matter under advisement, giving counsel an additional fourteen days to file supplemental briefs.[1] On March 26, 2008, the trial court granted St. Francis's exception of prescription by written judgment. This appeal by the Holmeses ensued.
On appeal, the Holmeses argue that the suit was timely filed within one year of their knowledge that St. Francis was covered by the Medical Malpractice Act and the facts which gave rise to the malpractice claim against the hospital. In brief, counsel also argues that the statute is unconstitutionally vague because it "provides for more than one prescriptive period with a reasonable person to believe that the outside date to be three years from the date of the alleged act."

Discussion
The prescriptive period for medical malpractice is set forth in La. R.S. 9:5628 in relevant part as follows:
A. No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital or nursing home duly licensed under the laws of this state or community blood center or tissue bank as defined in R.S. 40:1299.41(A), whether based in tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
This statute sets forth two prescriptive limits within which to bring a medical malpractice action, namely one year from the date of the alleged act or one *609 year from the date of discovery with a single qualification that the discovery rule is expressly made inapplicable after three years from the act, omission or neglect. Campo v. Correa, 01-2707 (La.6/21/02), 828 So.2d 502. Both the one-year and three-year limitation periods of La. R.S. 9:5628 are prescriptive. Borel v. Young, 07-0419 (La.11/27/07), 989 So.2d 42.
The plea of prescription must be specifically pleaded, and may not be supplied by the court. La. C.C.P. art. 927(B); Carter v. Haygood, 04-0646 (La.1/19/05), 892 So.2d 1261; Campo v. Correa, supra. Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. Carter v. Haygood, supra; Campo v. Correa, supra. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed. Id. On the trial of the prescription exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. La. C.C.P. art. 931.
Under the Medical Malpractice Act ("MMA") the substance of the plaintiff's complaint for the initiation of the medical review panel proceeding should assert the following:
(1) A request for the formation of a medical review panel.
(2) The name of the patient.
(3) The names of the claimants.
(4) The names of defendant health care providers.
(5) The dates of the alleged malpractice.
(6) A brief description of the alleged malpractice as to each named defendant health care provider.
(7) A brief description of alleged injuries.
A health care provider against whom a claim has been filed before a medical review panel may raise the exception of prescription in a court of competent jurisdiction and proper venue at any time without need for completion of the review process by the medical review panel. La. R.S. 40:1299.47(B)(2)(a). However, under La. R.S. 40:1299.47(B)(2)(a) and 9:5628, health care providers are precluded from raising exceptions of vagueness and no cause of action. Perritt v. Dona, 02-2601 (La.7/2/03), 849 So.2d 56.
The burden of proof for the trial of the exception of prescription was addressed under the medical malpractice statute in Campo v. Correa, supra, as follows:
Although the Campos' petition was filed more than one year after the date of the last act of the hospital and Dr. Correa's last act upon which negligence was alleged, the plaintiff's pleadings made a prima facie showing that it was filed `within one year from the date of discovery' and `within a period of three years from the date of the alleged act, omission or neglect.' [La. R.S. 9:5628(A)]. Accordingly, the lower court erred as a matter of law in shifting the burden to the Campos to prove prescription was interrupted. Therefore, we find that the burden of proof at the trial of the peremptory exception rested upon the hospital and Dr. Correa, the exceptors. (Footnotes omitted).
Id. at 509. Thus, the general rule regarding the exceptor's burden of proof as stated in Campo, is that "a petition should not be found prescribed on its face if it is brought within one year of the date of discovery and facts alleged with particularly in the petition show that the patient was unaware of malpractice prior to the alleged date of discovery, and the delay in *610 filing suit was not due to willful, negligent, or unreasonable action of the patient." Id.
This ruling of our Supreme Court in Campo concerned an exception of prescription in a medical malpractice case filed after a ruling of the medical review panel. Accordingly, the plaintiff had filed a petition in the district court in which he alleged that he had only learned of the doctor's act of malpractice from another doctor over two years after such act. The plaintiff had thus alleged facts concerning the discovery rule defense in his petition in anticipation of a prescription challenge.
In contrast, the present case concerns a prescription challenge during the pending panel review stage of the malpractice act when the plaintiffs have never filed a petition. See, Dixon v. Louisiana State University Medical Center, 33,036 (La.App. 2d Cir. 1/26/00), 750 So.2d 408, writ denied, 00-0627 (La.4/20/00), 760 So.2d 350 (discussing at length the unique procedural posture of a prescription challenge by the medical provider during the medical review panel stage of proceedings under the MMA, wherein no petition in district court has ever been filed by the plaintiff). Plaintiffs' complaint initiating the medical panel review is not required under the MMA to address prescription or the discovery rule. When the evidentiary hearing on the exception of prescription occurred in district court, plaintiffs had only vaguely asserted the acts of malpractice on the part of St. Francis in their MRP letter and had only raised the discovery rule defense, again vaguely, in their brief filed in the district court in opposition to the prescription challenge. Therefore, who had the burden of proof in this unique pre-petition setting must first be determined from the implications of Campo, since at the trial of the exception neither party presented any evidence concerning the plaintiffs' alleged late discovery of St. Francis's deficient medical care of their child.
Campo states that the claim in the petition is not "prescribed on its face" if the plaintiff alleges facts revealing late discovery of the defendant's malpractice. The defendant therefore bears the burden of proof at trial to show that plaintiff knew or should have known of the claim at an earlier time. This burden shifting rule for the adjudication of a prescription challenge in the medical malpractice context appears to be contrary to prior holdings by the supreme court involving the proof of contra non valentem in prescription disputes in other types of cases and contrary to the burden of proof for a party asserting an interruption or suspension of prescription generally. Wimberly v. Gatch, 93-2361 (La.4/11/94), 635 So.2d 206; Lima v. Schmidt, 595 So.2d 624 (La.1992); Sun Oil Co. v. Tarver, 219 La. 103, 52 So.2d 437 (1951) (setting forth as the well-settled rule that a party relying upon interruption or suspension of prescription bears the burden of proof); White v. Davis, 169 La. 101, 124 So. 186 (1929); Manders v. Irwin, 118 La. 1048, 43 So. 698 (1907) (stating that "the plea of prescription admits the debt, except in so far as prescribed. If the plea admitted the allegations made to take the debt out of prescription, it would be self destructive.")
In White v. Davis, supra, the court ruled:
We know of no authority which requires a plaintiff to anticipate a plea of prescription. If the petition otherwise sets forth a cause of action, the suit cannot be dismissed on an exception of no cause of action because the evidence of the debt sued upon is prescribed on its face. Prescription is a defense which must be pleaded, and there must be hearing *611 thereon, a fortiori the plaintiff might show an interruption of prescription.
Id. at 169 La. 109, 124 So. 188.
Moreover, from our reading of Campo, all the facts concerning the plaintiff's late discovery of the defendant's malpractice were before the courts in evidence, not merely in allegations in the plaintiff's petition, so that neither the defendant nor the plaintiff failed to meet any burden of proof on that issue.[2] From that perspective, the ruling on the burden of proof in Campo was dictum.
The present case presents a failure by one or the other of the parties to meet the burden of proof regarding the plaintiffs' assertion that they only learned of St. Francis's acts of malpractice four months before the filing of their MRP letter. Neither party presented evidence concerning that assertion at the evidentiary hearing on the exception of prescription. If the Campo burden of proof rule applies, St. Francis may have failed to meet its burden and the granting of the exception should be reversed. For such holding to occur, the Holmeses' assertion of their late discovery in their brief in opposition to the exception must be considered like the allegations of a "petition" since in this special proceeding under the MMA no district court petition could be filed. Nevertheless, even with that view of plaintiffs' opposition brief, the facts concerning their late discovery were not particularized so as to detail St. Francis's act of negligence and the plaintiffs' inability to understand or have notice of that act. Finally, if plaintiffs have asserted an unspecified claim to their late discovery of St. Francis's actions, should the equitable rule of La. C.C.P. art. 934[3] nevertheless apply to allow the plaintiffs through a remand of the case to adequately "plead" the facts concerning the late discovery of their claim against St. Francis?
Addressing these issues, we first find that Campo is distinguishable in this unique setting where no petition is filed in the district court. When met with an exception of prescription filed in district court during a pending medical panel review under the MMA, the plaintiff is required to prove the defense of contra non valentem as allowed under La. R.S. 9:5628. Dixon v. LSU Medical Center, supra. That defense was necessary in this case since St. Francis's actions and the baby's death occurred almost two years before the MRP letter which commenced the action against St. Francis. Accordingly, the Holmeses had the burden of proof at the hearing on the exception of prescription to establish evidence of their late discovery of St. Francis's negligence. With the absence of any evidence submitted by the Holmeses, the trial court's dismissal of their claim as prescribed is affirmed.
Likewise, as we determined in Dixon v. LSU Medical Center, supra, La. *612 C.C.P. art. 934 is not applicable to now allow an amendment to the petition to plead facts of late discovery which were unnecessary to support the Holmeses' cause of action, which could not be pled in a pleading under the unique procedure of the MMA, and which should have been established at the trial of the exception. Also, plaintiffs have not pointed out to this court any factual basis for their vague assertion of discovery four months before the filing of the MRP Letter. Under these circumstances, no allowance for amendment is justified.
Finally, we also reject plaintiffs' claim that La. R.S. 9:5628 is unconstitutionally vague and deprived them of their day in court. The constitutionality of a statute must first be questioned in the trial court and specially pleaded with the grounds for the claim particularized. Meaux v. Galtier, 07-2474 (La.1/25/08), 972 So.2d 1137. The pleadings allowed in civil actions are petitions, exceptions, written motions and answers. La. C.C.P. art. 852. Thus, the unconstitutionality of a statute cannot be raised in a memorandum, opposition or brief as those documents do not constitute pleadings. Id. Here, plaintiffs first raised the issue of the constitutionality of La. R.S. 9:5628 in argument at the hearing on the prescription exception. While we recognize that the MMA procedure did not involve a petition in district court concerning the facts of the defendant's malpractice, the unconstitutionality of the statute should have been presented in a written argument or pleading for declaratory judgment prior to the hearing on prescription. The issue having not been properly presented to the district court, the unconstitutionality claim is not properly before us.
For these reasons, the judgment of the trial court dismissing plaintiffs' demands against St. Francis is affirmed at appellants' costs.
AFFIRMED.
NOTES
[1] As an exhibit to its supplemental memorandum in support of the exception, St. Francis included a copy of the Holmeses' original wrongful death petition.
[2] In Campo, the third and final medical procedure performed on the plaintiff by the defendant on May 7, 1991, involved a lumbar peritoneal shunt insertion. It was only on October 26, 1993, within five months of the filing of the plaintiff's claim, that a Dr. Billings informed the plaintiff that the defendant's use of the shunt was improper. The depositions of Dr. Billings and the plaintiff were in evidence. Therefore, a failure of the burden of proof by either party concerning plaintiff's late discovery was not an issue.
[3] La. C.C.P. art. 934 provides:

When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.