750 So.2d 408 (2000)
Beverly A. DIXON, Plaintiff-Respondent,
v.
LOUISIANA STATE UNIVERSITY MEDICAL CENTER, Defendant-Applicant.
No. 33,036-CW.
Court of Appeal of Louisiana, Second Circuit.
January 26, 2000.
*410 Casten & Pearce by Claude W. Bookter, Jr., Shreveport, Counsel for Applicant.
William C. Monroe, Shreveport, Counsel for Respondent.
Before CARAWAY, PEATROSS and DREW, JJ.
CARAWAY, J.
After plaintiff commenced this action before a medical review panel pursuant to the public medical malpractice act, Louisiana State University Medical Center ("LSUMC") filed this proceeding in district court asserting that prescription had run against the claim. Following the trial court's denial of the exception of prescription, we granted LSUMC's request for supervisory writs and now reverse the trial court's ruling.

Facts
Beverly Dixon ("Dixon") had a cesarean section performed at LSUMC on October 15, 1995. Although Dixon was initially discharged on October 26, 1995, she was apparently readmitted on two separate occasions prior to the end of the year. After consulting an attorney, on May 23, 1996, the attorney wrote a letter to LSUMC requesting Dixon's medical records and bills concerning the surgery and follow-up.
Dixon's attorney did not receive her medical records from LSUMC until July 15, 1998. On September 11, 1998, Dixon filed a claim commencing the proceedings for a medical review panel. The sole allegation made in raising the claim was that during her cesarean section on October 15, 1995, "the surgeon negligently made incisions at or near her small intestine and other organs causing her severe and irreversible damages." Dixon thus made no allegation concerning an inability on her part to have timely known that she had been injured by the alleged act of malpractice. Instituting this proceeding in district court pursuant to La. R.S. 40:1299.39.1(B)(2)(a), LSUMC filed a peremptory exception of prescription.
At a hearing on the peremptory exception of prescription, LSUMC showed that Dixon's claim was not filed within one year of the alleged malpractice. LSUMC also argued that Dixon was aware of the fact that she was having problems because of her extended hospitalization during 1995. LSUMC further asserted that if Dixon was not aware that there might have been a problem, she became aware on or before May 23, 1996 when she retained an attorney. Dixon contends that because LSUMC did not send her medical records until July 1998, prescription only commenced to run at that time because the records were needed to determine whether her condition was related to the medical treatment. After the hearing, on July 15, 1999, the trial court rendered a judgment denying LSUMC's peremptory exception of prescription.

Prescription of Medical Malpractice
The prescriptive period for claims of medical negligence is set forth in La. *411 R.S. 9:5628 which provides, in pertinent part, as follows:
"No action for damages for injury or death against any ... hospital duly licensed under the laws of this state ... whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect."
This prescription statute for medical malpractice claims states the general one-year period for prescription for tort claims while additionally intending "to restrict the application of the `discovery rule,' or fourth category of contra non valentem, by providing that, regardless of the date of discovery, a claim must be filed at the latest within three years of the alleged act, omission or neglect." Whitnell v. Menville, 540 So.2d 304, 309 (La.1989).
Generally, the burden of proving that a suit has prescribed rests with the party pleading prescription unless the petition reveals prima facie that the claim has prescribed. Bishop v. Simonton, 615 So.2d 8 (La.App. 2d Cir.1993), writ denied, 617 So.2d 908 (La.1993). However, once it is shown at the trial of the exception that more than one year has elapsed between the time the tort occurred and the filing of suit, the burden shifts to the plaintiff to prove a suspension of prescription due to his lack of knowledge of the tortious act. Intracoastal Seafood Co., Inc. v. Scott, 556 So.2d 974 (La.App. 3d Cir.1990) and Bennett v. General Motors Corp., 420 So.2d 531 (La.App. 2d Cir.1982).
The one year prescriptive period commences to run on the date that an injured party discovers or should have discovered the facts on which to base a cause of action. Griffin v. Kinberger, 507 So.2d 821 (La.1987); Chandarlis v. Shah, 535 So.2d 895 (La.App. 2d Cir.1988). When a party has sufficient information to incite curiosity, to excite attention or to put a reasonably minded person on guard and call for inquiry, he or she has the constructive knowledge necessary to start the running of prescription. White v. Willis-Knighton Medical Center, 25,575 (La. App.2d Cir.2/23/94), 632 So.2d 1198, writ denied, 94-1024 (La.6/17/94), 638 So.2d 1098. The law of prescription does not require that a patient be informed by a medical practitioner or an attorney of possible malpractice before the commencement of the running of prescription. Harlan v. Roberts, 565 So.2d 482 (La.App. 2d Cir.1990), writ denied, 567 So.2d 1126 (La. 1990).
La. R.S. 40:1299.39.1(B)(1)(a)(i) provides:
"No action against the state, its agencies, or a person covered by this Part, or his insurer, may be commenced in any court before the claimant's complaint has been presented to a state medical review panel established pursuant to this Section."
Regarding the similar provision in the private medical malpractice act, La. R.S. 40:1299.47(B)(1)(a)(i), the Louisiana Supreme Court has ruled that a patient "must provoke a medical review panel and receive an opinion from it before he can file suit in a court of law." Everett v. Goldman, 359 So.2d 1256 (La.1978), cited in LeBreton v. Rabito, 97-2221 (La.7/8/98), 714 So.2d 1226. The filing of an application for a medical review panel suspends the running of prescription. La. R.S. 40:1299.39.1; Rowsey v. Jones, 26,823 (La.App.2d Cir.5/10/95), 655 So.2d 560. However, La. R.S. 40:1299.39.1(B)(2)(a) provides that a state health care provider may raise any exceptions or defenses available pursuant to La. R.S. 9:5628 in a court of competent jurisdiction and proper venue at any time, even prior to the completion *412 of the review process by the medical review panel.

Discussion

I.
From the above review of the law of prescription and its application for medical malpractice claims, we first observe that the plaintiff's "petition" in this instance is not the pleading that was initially filed in the district court but the claim made for the enpanelment of the medical review panel. Dixon's September 11, 1998 letter formally lodging her complaint and requesting the medical review panel is the primary evidence that LSUMC presented to demonstrate that prescription has run.
Initially, therefore, our task is to determine whether Dixon's "petition" shows on its face that her claim has prescribed. This requires a comparison of the alleged date of the act of malpractice, October 15, 1995, with the date of the filing of the "petition," September 11, 1998. Since the time delay between those two dates is greater than the applicable one-year period for prescription, Dixon's claim is prima facie prescribed. The burden of proof was, therefore, on Dixon at the hearing on the exception to demonstrate that the special discovery rule embodied in La. R.S. 9:5628 operated to suspend the one-year prescriptive period.
Though the transcript of the hearing on the exception is not in the record, the record indicates that the only evidence consisted of (i) Dixon's September 11, 1998 letter or "petition" for the medical review panel; (ii) two letters by Dixon's counsel to LSUMC in May 1996 and again in June 1998 requesting her medical records; and (iii) a July 16, 1998 certification of hospital records by LSUMC purportedly releasing 220 pages of medical records to Dixon's counsel. The medical records were not filed into evidence.
From this evidence, we easily conclude that Dixon did not meet her burden of proof by presenting evidence establishing that she filed this action within one year of the time she discovered or should have discovered the grounds for the alleged malpractice. Her knowledge of her condition following the 1995 surgery was not addressed by her; therefore she did not overcome the showing that her claim prescribed after one year from the surgery. Accordingly, the trial court erred in rejecting the plea of prescription and LSUMC's peremptory exception is hereby granted.

II.
In granting the exception of prescription, the jurisprudence indicates that we should consider the application of La. C.C.P. art. 934 before dismissal of Dixon's claims. The article provides:
"When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed."
When considering the application of this article to the grant of an exception of prescription, we first observe that any amendment allowed to the "petition" in this case will not change the crucial fact that more than one year passed between the 1995 act of malpractice and the 1998 filing of Dixon's claim. Moreover, no petition has been filed in this unique district court proceeding under La. R.S. 40:1299.39.1(B)(2)(a) so that in a very technical sense, the petition contemplated in Article 934 is not present in this case. Finally, a plaintiff in any tort proceeding where the discovery rule of contra non valentem applies need not anticipate a prescription attack in presenting her cause of action in the petition. The jurisprudence has recognized that even a petition which on its face states a prescribed cause of action is not the equivalent of stating no *413 cause of action. Brooks v. Robinson, 163 So.2d 186 (La.App. 4th Cir.1964), writ refused 246 La. 583, 165 So.2d 481 (1964) and Hoffpauir v. Bankers Life & Casualty Co., 328 So.2d 409 (La.App. 3d Cir.1976). In ruling on an exception of no cause of action, the plaintiffs petition must be viewed "in the most favorable light and in doing so find that it states a cause of action, prescribed or otherwise." Hoffpauir 328 So.2d at 411.
Therefore, since Dixon's "petition" stated a cause of action for malpractice, albeit prescribed on its face, there was no need prior to the hearing on the exception, to amend that "petition" to allege any facts which might establish that the discovery rule set forth under La. R.S. 9:5628 is applicable. Dixon could have and should have presented such facts showing any suspension of the one year prescription as her burden of proof at the hearing on the exception. La. C.C.P. art. 934 is therefore not applicable to now allow an amendment to the petition to plead facts which were unnecessary to Dixon's cause of action and which should have been established at the trial of the exception.
Moreover, we have further considered Dixon's arguments presented in brief at the trial court and before this court and find that she offers no explanation regarding why she was unaware of her injury and unable to attribute the injury to her cesarean operation in October 1995. Her arguments likewise offer no alternative theory of recovery which might somehow change the application of La. R.S. 9:5628 in this case. See, Whitnell v. Menville, supra. Therefore, even in argument, plaintiff has not pointed out to this court sufficient grounds to overcome the exception of prescription which might trigger the amendment allowance of La. C.C.P. art. 934.

Conclusion
Finding that the trial court erred in denying LSUMC's peremptory exception of prescription, we hereby grant the exception holding that Dixon's malpractice claim had prescribed. Costs of this appeal are assessed to Dixon.
REVERSED AND RENDERED.
PEATROSS and DREW, JJ., concur.