765 So.2d 473 (2000)
Wilbert LaGRANGE, Plaintiff-Appellant,
v.
SCHUMPERT MEDICAL CENTER, Defendant-Appellee.
No. 33,541-CA.
Court of Appeal of Louisiana, Second Circuit.
June 21, 2000.
*475 Kyzar & Celles by Van H. Kyzar, Natchitoches, Counsel for Appellant.
Mayer, Smith & Roberts by Mark A. Goodwin, Shreveport, Counsel for Appellee.
Before GASKINS, CARAWAY and PEATROSS, JJ.
GASKINS, J.
In this medical malpractice action, the plaintiff, Wilbert LaGrange, appeals from a trial court judgment sustaining an exception of prescription in favor of the defendant, Schumpert Medical Center. For the following reasons, we affirm.

FACTS
The plaintiff was hospitalized at Schumpert Medical Center (Schumpert) from August 26, 1996 until September 25, 1996, for treatment of peripheral vascular disease with occlusion of the vessels of his left leg. Conservative treatment of the leg was not successful and the limb was amputated below the knee on August 27, 1996. The stump did not heal properly, resulting in an additional amputation above the knee on September 12, 1996. The hospital records reflect that the plaintiff complained that on September 16, 1996, hospital personnel struck the stump of his left leg into a metal bed frame while transferring him from one bed to another.
On September 25, 1996, the plaintiff was transferred to Dubuis Hospital. On October 9, 1996, the plaintiff was brought back to Schumpert for one day where additional surgery was performed on the amputation site. Operative notes indicate that this surgery was necessitated by a breakdown of the site caused by falling on it within a week before this surgery. Apparently the plaintiff was discharged from Dubuis in October 1996.
The plaintiff filed his petition to convene a medical review panel on October 2, 1997. The plaintiff asserts that due to the negligent care he received at Schumpert, he developed a decubitus ulcer on his right heel. He also alleged that as a consequence of the "negligent handling of his person" he further injured his left lower extremity at the original surgery site, causing infection and gangrene and necessitating additional surgeries.[1] Apparently no other action was taken in this matter until November 4, 1998, when Schumpert filed an exception of prescription, pursuant to La. R.S. 40:1299.47B(2)(a).[2] Schumpert asserted that the plaintiff was aware of all instances of alleged negligence as they occurred and that he was discharged from Schumpert on September 25, 1996. Therefore, the filing on October 2, 1997, of the petition to convene a medical review panel shows that his claims have prescribed on the face of the petition. The trial court agreed with Schumpert's reasoning and granted the exception of prescription in a judgment filed September 3, 1999. The plaintiff appealed.

LEGAL PRINCIPLES
We review the factual conclusions of the trial judge under the manifest error/clearly wrong standard of review as articulated in Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880 (La.1993). See also Herold v. Martinez, 30,684 (La.App.2d Cir.6/24/98), 715 So.2d 660, writ denied, 98-1932 (La.11/6/98), 727 So.2d 448.
*476 Regarding the prescriptive period for medical malpractice claims, La. R.S. 9:5628 provides in pertinent part:
No action for damages for injury or death against any physician, ... [or] hospital duly licensed under the laws of this state, ... whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
Generally, the burden of proving that a suit has prescribed rests with the party pleading prescription. However, when the plaintiffs petition shows on its face that the prescriptive period has expired, the burden shifts to the plaintiff to demonstrate suspension or interruption of the prescriptive period. Wilkes v. Carroll, 30,066 (La.App.2d Cir.12/10/97), 704 So.2d 938.
When it appears on the face of the petition that prescription has accrued, the plaintiff must allege and prove facts indicating that the injury and its causal relationship to the alleged misconduct were not apparent or discoverable until within one year before the suit was filed. White v. Willis-Knighton Medical Center, 25,575 (La.App.2d Cir.2/23/94), 632 So.2d 1198, writ denied, 94-1024 (La.6/17/94), 638 So.2d 1098.
The one year prescriptive period commences on the date that an injured party discovers or should have discovered the facts on which to base a cause of action. When a party has sufficient information to incite curiosity, to excite attention, or to put a reasonably minded person on guard and call for inquiry, he or she has the constructive knowledge necessary to start the running of prescription. Herold v. Martinez, supra. The law of prescription does not require that the patient be informed by a medical practitioner or an attorney of possible malpractice before the commencement of the running of prescription. Dixon v. Louisiana State University Medical Center, 33,036 (La.App.2d Cir.1/26/00), 750 So.2d 408.
Constructive knowledge sufficient to begin the running of prescription requires more than a mere apprehension that something might be wrong, but a "reasonable basis for filing suit against a defendant" is sufficient. Kavanaugh v. Long, 29,380 (La.App.2d Cir.8/20/97), 698 So.2d 730, writ denied, 97-2554 (La.5/15/98), 719 So.2d 67. In other words, the simple knowledge that "an undesirable condition has developed at some time after the medical treatment" does not equate to knowledge of everything to which inquiry might lead. The issue is the reasonableness of the patient's action or inaction, in light of his education and intelligence, severity of symptoms, and the nature of the defendant's conduct. Kavanaugh v. Long, supra.
Prescription does not run as long as it is reasonable for the plaintiff not to recognize that the condition may be related to treatment. When a plaintiff has knowledge of facts strongly suggestive that the untoward condition or result may be the result of improper treatment and there is no effort by the health care provider to mislead or cover up information which is available to the plaintiff through inquiry or professional medical or legal advice, then the facts and the cause of action are reasonably knowable to the plaintiff. Inaction by the plaintiff for more than one year under these circumstances is not reasonable. Herold v. Martinez, supra; White v. Willis-Knighton Medical Center, supra; Bossier v. Ramos, 29,766 (La.App.2d Cir.8/20/97), 698 So.2d 711, writ denied, 97-2583 (La.12/19/97), 706 So.2d 463; Chandler v. Highland Clinic, 28,204 (La.App.2d Cir.4/3/96), 671 So.2d *477 1271. Ignorance of the probable extent of the injuries materially differs from ignorance of actual harm, which delays the commencement of prescription. Dufriend v. Tumminello, 590 So.2d 1354 (La.App. 5th Cir.1991), writ denied, 592 So.2d 1335 (La.1992).

DISCUSSION
On appeal, the plaintiff argues that the petition to convene a medical review panel was timely and the trial court erred in granting the exception of prescription in favor of Schumpert. He contends that during his hospital stay, he was confused and disoriented due to medication and does not know the exact date of the formation of the ulcer on his heel or when he fell, re-injuring his left leg stump. For these reasons, the plaintiff argues that his petition for a medical review panel filed on October 2, 1997, was timely.
Regarding the decubitus ulcer on his right heel, the plaintiff argues that the date of formation of this ulcer is unknown, but it was first noted in his hospital records on September 25, 1996. In his deposition, the plaintiff stated that while at Schumpert, he received no treatment for the ulcer. The plaintiff also contends that his treating orthopedic surgeon told him that the sore was caused by substandard treatment. At some points in the record, the plaintiff contends that this conversation took place while he was a patient at Schumpert and at other points the plaintiff contends that the conversation occurred in the physician's office after the plaintiff was released from Dubuis Hospital. According to the plaintiff, it was not until some time in 1997 that he learned that the decubitus ulcer would be slow to heal and might require surgery. He asserts that it was only at that point that he realized that the ulcer was related to treatment, so as to trigger the one year prescriptive period.
The record does not support the plaintiff's allegations. Hospital records show that as early as September 6, 1996, the beginning of the decubitus ulcer was noted. In the plaintiff's deposition, he stated that he noticed the decubitus ulcer after returning to his hospital room from the ICU after one of his surgeries. Hospital records show that the plaintiff's last transfer from ICU was on September 14, 1996. Numerous entries in the hospital record show that the heel was bandaged and routinely treated while the plaintiff was in Schumpert. According to the hospital records, the plaintiff was frequently instructed not to push against his right heel in order to reposition himself while in bed. The records further show that the plaintiff indicated that he understood the instruction.
The record shows that the plaintiff was aware of the formation of the decubitus ulcer on his heel in September 1996. However, he failed to file his petition to convene a medical review panel until October 1997. The plaintiff's claim regarding his heel had prescribed on its face. Therefore, it was the plaintiff's burden to prove that the injury and its causal relationship to the alleged misconduct were not apparent or discoverable until one year before the suit was filed. The record fails to support such a finding. The plaintiff was apprised of the alleged actual harm, even if he was not aware of the extent of the injury, before the date of his discharge from Schumpert. Further, there is no showing of any attempt on the part of Schumpert to mislead or cover up information regarding this condition. All information was available to the plaintiff through inquiry or medical or legal advice in September 1996. Prescription on his claim regarding his heel commenced on or before September 25, 1996. Accordingly, the plaintiff's inaction regarding any claim for more than one year was not reasonable.
The plaintiff additionally claims that he received injuries to the amputation site of his left leg which resulted in further surgeries. However, the plaintiff has failed to show that any claim for injury to his left leg has not prescribed. At one *478 point the plaintiff seems to argue that the amputation site was injured when struck on the bed frame at Schumpert in September 1996. He then later urges in his appellate brief that he suffered a fall on or after October 2, 1996, while a patient at Dubuis Hospital, which required additional surgery to the amputation site. In support of this argument, the plaintiff cites hospital and operative notes on October 8, 1996, stating that the plaintiff had a breakdown of the amputation site caused by falling on it about one week earlier. Under either theory, the plaintiff has failed to show that his medical malpractice claim against Schumpert, regarding injury to his amputation site, was timely.
In his deposition, the plaintiff claimed that the stump of his left leg was struck against a metal bed frame, resulting in injury which required additional surgeries. The hospital records show that the plaintiff claimed this incident occurred on September 16, 1996. This was after the second surgery at Schumpert. He has failed to show that this incident was not apparent or discoverable until one year before suit was filed. There is no showing that this injury resulted in additional amputation of the leg. Again, the plaintiff was aware of this alleged injury in September 1996. Therefore, any medical malpractice claim he might have based upon this incident had prescribed when the petition for a medical review panel was filed in October 1997.
On appeal, the plaintiff argued that he suffered another fall and injury to the leg on or after October 2, 1996. However, he has failed to show any information regarding when or how this alleged injury occurred. In his deposition testimony, the plaintiff was specifically asked about injury to his left leg. The plaintiff related only the alleged injury on September 16, 1996. The plaintiff was asked, "Now were there any other traumatic events during your Schumpert stay or your stay at Dubuis?" He responded, "No, sir."
It is important to note that any alleged injury on or after October 2, 1996 occurred not at Schumpert, but at Dubuis. The plaintiff has not asserted a medical malpractice claim against Dubuis Hospital. The plaintiff has claimed medical malpractice only against Schumpert and has failed to demonstrate that Schumpert and Dubuis are the same legal entity. Accordingly, we find that he trial court was not manifestly erroneous or clearly wrong in sustaining the exception of prescription filed in this matter by Schumpert.

CONCLUSION
For the reasons stated above, we affirm the trial court judgment sustaining an exception of prescription in favor of the defendant, Schumpert Medical Center, and dismissing the claims of the plaintiff, Wilbert LaGrange. Costs in this court are assessed to the plaintiff.
AFFIRMED.
NOTES
[1] It also appears that at some point in the proceedings the plaintiff complained that he was allowed to fall in a hallway at Schumpert and sustained a blow to his head. He also complained that the food was inadequate and he lost a lot of weight. However, on the present appeal, the plaintiff does not argue these last two instances of alleged negligence.
[2] La. R.S. 40:1299.47B(2)(a) provides:

A health care provider, against whom a claim has been filed under the provisions of this Part, may raise any exception or defenses available pursuant to R.S. 9:5628 in a court of competent jurisdiction and proper venue at any time without need for completion of the review process by the medical review panel.