WILLIAMS, Judge.
pThe plaintiffs, Eugene James, individually and d/b/a E.J. Construction Company, and Dorothy James, appeal a judgment in favor of defendant, S. Judd Tooke. The district court granted defendant’s exception of prescription. For the following reasons, we affirm.
FACTS
In 1985 Eugene James, individually and d/b/a E.J. Construction Company, and Dorothy James (collectively referred to as “James”) retained attorney S. Judd Tooke to provide legal representation in a contract dispute. On February 18, 1988, Tooke filed a lawsuit on behalf of James against C. Markham Dickson and others, docket # 341,064, in Caddo District Court. Subsequently, the defendants in the underlying matter filed exceptions of prescription. In March 1997, the district court rendered judgment granting in part and denying in part the exceptions. No further action was taken in the underlying matter until three years later, on April 7, 2000, when a defendant filed a motion to dismiss the lawsuit on the grounds that no step in the prosecution or defense of the matter had been taken by any party in more than three years. On April 10, 2000, the district court rendered judgment granting the motion and dismissing James’ lawsuit.
On March 28, 2002, James filed the present legal malpractice action against Tooke. In November 2003, James filed an amended petition and Tooke filed an answer. Subsequently, Tooke filed a peremptory exception of prescription alleging that James knew or should have known in April 2000 that the underlying matter had been dismissed, so that his claims were untimely under the time limitation period for legal malpractice actions in | ?LSA-R.S. 9:5605.
After a hearing, the district court rendered judgment sustaining the exception of prescription and dismissing James’ claims. The court found that in April *924 2000, James and his friend, Rick Bell, reviewed the case record in district court and consulted an attorney regarding James’ rights with respect to the dismissal order. Thus, the court concluded that the malpractice action filed on March 28, 2002, had prescribed. Alternatively, the court found that James’ admission in a letter that he discovered the dismissal approximately on March 26, 2001, meant that his claims were prescribed. James’ motion for new trial was denied. James appeals the judgment.
DISCUSSION
James contends the trial court erred in granting the exception of prescription. James argues that defendant did not produce evidence to show that he failed to file this malpractice action within one year of learning that his lawsuit had been dismissed for lack of prosecution.
An action for legal malpractice against an attorney licensed to practice in this state shall be filed within one year of the date of the alleged act, omission or neglect or within one year from the date of discovery of the alleged act, omission or neglect, but in all events no later than three years from the date of the alleged negligent act. LSA-R.S. 9:5605(A). The burden of proof generally rests upon the party pleading prescription as an affirmative defense. However, where plaintiffs petition shows on its face that the asserted claim has prescribed, the plaintiff bears the burden of Improving that prescription has been sufficiently interrupted or suspended so as to bring the action within the prescriptive period. Kavanaugh v. Edwards, 32,413 (La.App.2d Cir.12/8/99), 749 So.2d 824. If evidence is introduced at the hearing on the exception of prescription, the district court’s findings of fact are evaluated under the manifest error standard of review. Alexander v. Fulco, 39,-293 (La.App.2d Cir.2/25/05), 895 So.2d 668, writ denied, 05-0781 (La.5/6/05), 901 So.2d 1107. The one-year prescriptive period begins to run on the date an injured party discovers or should have discovered the facts on which to base a cause of action. Dixon v. Louisiana State Univ. Medical Center, 33,036 (La.App.2d Cir.1/26/00), 750 So.2d 408. A legal malpractice cause of action arises on the date when the client first suffered any appreciable or actual harm flowing from the lawyer’s negligent conduct. Smith v. Boothe, 28,065 (La.App.2d Cir.2/28/96), 669 So.2d 682, writ denied, 96-0821 (La.5/10/96), 672 So.2d 928.
In the present case, we must initially determine whether James’ petition shows on its face that his claim has prescribed. The record shows that James sustained harm on April 10, 2000, when his underlying lawsuit was dismissed for lack of prosecution and that he filed this legal malpractice action on March 28, 2002. Since the time delay between these two dates is greater than the applicable one-year prescriptive period James’ claim is prima facie prescribed. Thus, the burden of proof was on James to demonstrate that he filed suit against the defendant within one year of the date he discovered the alleged negligence.
|4At the hearing on the exception, Rick Bell testified that on a number of occasions he accompanied James to the district court clerk’s office to check the status of his lawsuit against the Dicksons. Bell acknowledged that in his deposition he had testified that on one occasion they learned that a defendant had filed a motion to dismiss for lack of prosecution within “a day or two or three” of their visit. Bell testified that he told James the motion meant the case was over because the lawyer had not followed up on the matter. Bell stated that he and James next showed *925 a copy of the motion to an attorney, who told them that the case was over.
Bell testified that after his deposition, he reviewed his medical records to help him recall when he and James had found the motion to dismiss. Bell stated that on April 4, 2000, he was admitted to the hospital for back surgery, which was cancelled and he was discharged that same day. Bell testified that he rested at home for one week, returned to the hospital for the rescheduled surgery On April 11, 2000, and was discharged on April 15, 2000. Bell explained that after reviewing his medical records he realized that his deposition testimony was incorrect and that he would not have gone to the courthouse in April 2000 because of his need for back surgery. Bell testified that photocopies of the motion and order to dismiss were dated March 28, 2001, which was the day James first obtained the copy from the clerk of court.
In his testimony, Eugene James acknowledged his prior deposition statement that he had visited the courthouse every two or three months while his case was pending. James testified that on March 20, 2000, he Rwrote a letter to defendant expressing his dissatisfaction with the attorney’s lack of progress in pursuing his lawsuit. James stated that defendant did not reply to his letter. James testified that when he did not receive a response, he may have gone to the courthouse to check the status of his case, but he was not sure. James acknowledged that his typical pattern was to review the court record with Rick Bell any time he did not get an answer to his question about the status of the case.
James testified that he first learned his lawsuit had been dismissed for lack of prosecution on March 28, 2001, the date which appears on a copy of the dismissal order he obtained from the clerk of court. To support his testimony, James introduced into evidence his April 2001 letter to the Louisiana Attorney Disciplinary Board, regarding the. defendant, stating that he had discovered the dismissal of his lawsuit on March 28, 2001. In addition, James produced his August 2001 letter to a Baton Rouge attorney in which he wrote that he discovered approximately, on “March 26, 2001” that his case had been dismissed.
In his appellate brief, ■ James contends that'Bell’s medical records and the photocopies of the motion and order to dismiss for lack of prosecution, dated March 28, 2001, demonstrate that Bell’s deposition statement that James learned of the dismissal in April 2000 is inaccurate. However, Bell’s hospital admissions on April 4, 2000, and then from April 11 to April 15, 2000, do not rule out the circumstance that he and James visited the court between the dates of April 7 and April 10, 2000, as Bell testified in his deposition. Nor do the photocopies dated March 28, 2001, show that James hand Bell could not have gone to review the court record in April 2000. Although James testified that he first discovered the dismissal of his case in March 2001, he conceded that he may have visited the court after he did not receive a response to his March 2000 letter to defendant. Thus, James failed to satisfy his burden of establishing that he filed his lawsuit within one year of discovering defendant’s negligence.
The district court heard the conflicting testimony, weighed the credibility of the witnesses and considered the documentary evidence. After reviewing the record, we cannot say the district court was clearly wrong in finding that James failed to file his legal malpractice action within one year of discovering that he was harmed in April 2000, .when the underlying lawsuit was dismissed for lack of prosecution. Thus, the court did not err in granting the *926 exception of prescription. The assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, the district court’s judgment sustaining the defendant’s exception of prescription is affirmed. Costs of this appeal are assessed to the appellants, Eugene James, individually and d/b/a E.J. Construction Company, and Dorothy James.
AFFIRMED.