939 So.2d 539 (2006)
In re MEDICAL REVIEW PANEL OF Santiago DAVIS (deceased) and Marcie Davis, Plaintiff-Appellant
v.
LOUISIANA STATE UNIVERSITY HEALTH SCIENCES CENTER-SHREVEPORT, Defendant-Appellee.
No. 41,273-CA.
Court of Appeal of Louisiana, Second Circuit.
August 25, 2006.
*540 Babcock Law Firm, by Mark D. Plaisance, Stephen Babcock, Baton Rouge, for Appellant.
Mary Lou Blackley, Assistant Attorney General, for Appellee.
Before BROWN, DREW, and LOLLEY, JJ.
BROWN, Chief Judge.
Plaintiff, Marcie Davis, filed a complaint with the Louisiana Division of Administration requesting an investigation and the appointment of a medical review panel. Mrs. Davis alleged malpractice against the Louisiana State University Health Sciences Center  Shreveport ("LSUHSC"). According to her complaints, Mrs. Davis's husband, who had attempted suicide, was to be admitted to the psychiatric unit for a mandatory 72 hour evaluation; however, he was released within 24 hours, at which time he returned home and committed suicide. The hospital filed in the district court an exception of prescription seeking dismissal of the complaint. Although the complaint was timely filed, the district court found that Mrs. Davis was a day late in paying the required filing fee. The district court granted the exception and dismissed plaintiff's claim. Mrs. Davis has appealed this judgment. We reverse.

Factual Background
On November 16, 2003, Santiago Davis attempted suicide by ingesting approximately 20-30 Trazadones, a prescription sleep aid. That day he was admitted to LSUHSC for treatment and observation. Mrs. Davis alleges that LSUHSC told her that Santiago would be admitted to the psychiatric unit for a mandatory 72-hour evaluation; however, the hospital discharged him the following day, November 17, 2003. Shortly after arriving home that afternoon, Santiago Davis committed suicide by shooting himself in the head. Mrs. Davis was home at the time and was aware that the wound was self-inflicted. A death certificate issued on December 17, 2003, was mailed to Mrs. Davis in mid-January 2004.[1]
*541 On November 17, 2004, Mrs. Davis sent by certified mail a letter to the Department of Administration ("DOA") requesting that a medical review panel be convened to investigate the medical treatment of her husband at LSUHSC. The DOA received Mrs. Davis's letter on November 19, 2004, and on November 24, 2004, sent Mrs. Davis correspondence acknowledging receipt of her request. The letter from the DOA informed Mrs. Davis of the assigned panel number, 04-MR-170, and asked her to clarify which hospital in the LSU system she wished to name as a defendant. The letter further informed Mrs. Davis:
According to La. R.S. 40:1299.39.1, Act No. 961 of the (2003) Regular Session[2], be advised that you have forty-five days from the date of this mailing to pay the Commissioner of Administration a filing fee in the amount of one hundred dollars per named defendant state health care provider. Therefore, upon receipt of your payment in the amount of $100.00, we shall consider your request in compliance with the provisions of R.S. 40:1299.39.1(A)(1)(c). Failure to comply shall render the request invalid.
On January 10, 2005, Mrs. Davis mailed, by United States Express Mail, a check for $300 to the DOA as payment of the filing fee. In addition, on January 11, 2005, Mrs. Davis faxed a new letter to the DOA repeating the facts of the case and requesting a review panel. The DOA received the faxed letter and the express-mailed check on January 11, 2005.
On January 14, 2005, the DOA wrote Mrs. Davis informing her that, in case 04-MR-170, she had failed to comply with the timely payment requirement of "La. R.S. 40:1299.39(A)(1)(c)" [sic] so her request for a medical review panel was invalid and without effect. On January 18, 2005, the DOA wrote Mrs. Davis another letter recognizing her faxed letter of January 11, 2005, as a request for a review panel and informing her that her $300 payment had been received and that she would be refunded $200 since only one defendant was named. The DOA treated the facsimile sent by Mrs. Davis on January 11, 2005, as a new request for a medical review panel and assigned this request a new review panel number 04-MR-211.
On March 2, 2005, LSUHSC filed an exception of prescription in the district court. The parties presented documentary evidence and testimony from a DOA representative, Dianne Schenk, and from plaintiff, Mrs. Davis. The trial court concluded that plaintiff's payment of the filing fee was untimely (by one day), that the DOA properly closed her initial panel request, and that her subsequent panel request was prescribed since it was filed more than a year from when she should have known of the alleged malpractice. On November 10, 2005, the trial court signed a judgment sustaining the exception of prescription and ordering the DOA to dismiss both complaints. From this judgment plaintiff has appealed.

Discussion
On appeal there are two issues: (1) Whether claim 04-MR-170 was properly closed by the DOA for Mrs. Davis's failure to timely pay the filing fee required by La. R.S. 40:1299.39.1(A)(1)(c); and (2) Whether the district court correctly found that the second claim, 04-MR-211, had prescribed.
La. R.S. 9:5628(A) provides:
No action for damages for injury or death against any physician, . . . hospital *542 . . . licensed under the laws of this state . . . whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
Prescription commences and continues when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort. White v. Willis-Knighton Medical Center, 25,575 (La.App. 2d Cir.02/23/94), 632 So.2d 1198. The day upon which Mrs. Davis should have known of any alleged malpractice is the day of her husband's suicide, November 17, 2003. She was in the house at the time, she heard the gunshot, and she knew that no one else was in the room with her husband. Furthermore, Mrs. Davis testified that she knew her husband's gunshot wound was self-inflicted.[3]
Mrs. Davis sent by certified mail her initial complaint (claim 04-MR-170) to the DOA on November 17, 2004. It was received by the DOA on November 19, 2004. The legislature has provided a "mailbox rule" with respect to the mailing of a request for a medical review panel that, under certain conditions, fixes the date of filing of the request as the day the claim was mailed. La. R.S. 40:1299.39.1(A) provides, in part:
(2)(b) The request for review of the claim under this Section shall be deemed filed on the date of receipt of the complaint stamped and certified by the commissioner, or on the date of mailing of the complaint if mailed to the commissioner by certified or registered mail only upon timely compliance with the provisions of Subparagraph (1)(c) or (d) of this Subsection. (Emphasis added.)
In this situation, when requesting the appointment of a medical review panel, a complaint is deemed filed on the date of mailing, when the complaint is sent by certified or registered mail, and the complainant timely complies with the payment requirements in La. R.S. 40:1299.39.1(A)(1)(c) or (d). Mrs. Davis did send her complaint by certified mail. The question remaining is whether she paid the filing fee in accordance with subsection (1)(c) which states:
A claimant shall have forty-five days from the date of the mailing of the confirmation of receipt of the request for review in accordance with Subparagraph (3)(a) of this Subsection to pay to the commissioner a filing fee in the amount of one hundred dollars per named defendant state health care provider.
La. R.S. 40:1299.39.1(A)(1)(e) further provides in part that:
Failure to comply with the provisions of Subparagraph (c) . . . within the specified time frame . . . shall render the request for review of a malpractice claim invalid and without effect. Such an invalid request for review of a malpractice claim shall not suspend the time within which suit must be instituted in Subparagraph (2)(a) of this Subsection.
Under Section (A)(2)(b), Mrs. Davis's claim was timely filed by certified mail dated *543 November 17, 2005, if she thereafter timely complied with the payment requirement of Section (A)(1)(c). Section (A)(1)(c) does not specifically state that the date of mailing is deemed to be the date of payment. However, both the filing of the complaint and the payment of the fee are inexorably joined. The complaint is not considered to be filed until the fee is paid. Both are subsections of the same statute, La. R.S. 40:1299.39.1, and that statute provides a mailbox rule for filing the complaint which also requires that the fee be paid. It is logical that the same mailbox rule would apply to the 45-day period for paying the fee.
Louisiana Revised Statute 40:1299.39.1 allows a claimant 45 days after the mailing of confirmation of receipt of the request for a medical review panel to make payment to the DOA. The DOA mailed its confirmation of receipt of Mrs. Davis's request on November 24, 2004. La. C.C.P. art. 5059 applies to the computation of this delay, and this article specifies that the date of the event is not to be included, so the delay for making payment began the next day. Commencing the count on November 25, 2004, the last day of the 45-day period was Saturday, January 8, 2005. Because Saturday and Sunday are holidays, the last day of the period was Monday, January 10, 2005, the day Mrs. Davis mailed her payment to the DOA. As noted, the payment was not received by the DOA until the next day, and it was sent by express overnight mail rather than certified or registered mail.
We have noted that the mailbox rule requires that the complaint be sent by certified or registered mail, the obvious purpose being to confirm the date of mailing and receipt. In this case, overnight express mail clearly accomplished that purpose. Express mail provides signed statements of the date mailed and the fact of next day delivery. In fact, the express mail receipt showed the exact time of mailing, which in this case was 4:38 p.m., January 10, 2005. We therefore find that the payment was mailed timely, and the trial court erred in finding that the first claim, 04-MR-170, was properly closed. With this ruling, the remaining issue is moot.

Conclusion
Because the Division of Administration did receive payment from Mrs. Davis prior to the conclusion of the 45-day period allotted by law, the agency wrongly closed Mrs. Davis's first malpractice complaint. The district court's judgment sustaining defendant's exception of prescription and ordering the DOA to dismiss claim 04-MR-170 is reversed. All costs are assessed to LSUHSC as allowed by law.
REVERSED AND REMANDED.
NOTES
[1] The death certificate confusingly lists "accidental" as the manner of death and "self-inflicted gunshot wound of the head" as cause of death.
[2] The letter said 2004; however, it was Act 961 of the 2003 Regular Session, not of the 2004 Regular session, and the act went into effect on July 7, 2003.
[3] Mrs. Davis's claim that prescription should commence on the date she received the death certificates is not legally sound.