WILLIAMS, C.J.
The plaintiff, Montez Powell, appeals a judgment granting an exception of prescription filed by the defendant, St. Francis Medical Center, Inc. The district court found that plaintiff failed to file his claim within one year from the date he knew or should have known that medical malpractice may have occurred. For the following reasons, we affirm.
FACTS
On July 19, 2016, Chiquita Thomas presented to the emergency room at St. Francis Medical Center (Downtown) in Monroe, Louisiana, with a complaint of persistent headaches. Thomas, who was approximately 20 weeks pregnant, was given pain medication and released. During the evening of July 22, 2016, Thomas presented to the emergency department of St. Francis Medical Center (North) in Monroe with a complaint that her headaches were continuing *1186 and had become extremely severe. After an examination, Thomas was given pain medication and told that her complaints were common during pregnancy. Thomas was released and told to follow-up with her OB/GYN.
On July 24, 2016, Thomas was transported by ambulance to the emergency department of University Health Monroe. Montez Powell, the husband of Thomas, described his wife's headaches as "massive" and said she had been unable to get out of bed. A CT Scan of the head showed that Thomas was suffering from a blood clot in the brain. Thomas was then transferred to Rapides Regional Medical Center in Alexandria, Louisiana, where physicians advised Powell that his wife's severe headaches during the past week had been caused by the blood clots in her brain. Later that same day, Thomas and her unborn child died at the hospital.
In August 2016, Powell went to the office of an attorney seeking review of the case to determine if Thomas had received proper medical treatment. In November 2016, Powell was named as administrator of his wife's estate. In December 2016, the medical records of Thomas were obtained by the attorney, who submitted the records to Rosalind Lloyd, a registered nurse, for review. On January 13, 2017, Nurse Lloyd met with the attorney and expressed her opinion that the records supported a claim of negligence because no tests were done to determine the cause of Thomas' severe headaches during her visits to St. Francis Medical Center.
On July 24, 2017, the plaintiff, Powell, individually and on behalf of his deceased wife and their unborn child, filed a complaint with the Louisiana Patients Compensation Fund ("PCF") requesting the formation of a medical review panel. Plaintiff named eight healthcare providers as defendants, including St. Francis Medical Center, Inc. ("SFMC"). On October 20, 2017, the PCF dismissed this complaint for plaintiff's failure to pay the full statutory filing fee. On October 24, 2017, plaintiff refiled the request for a medical review panel naming the same eight defendants.
In February 2018, SFMC filed an exception of prescription and plaintiff later filed an opposition. After a hearing, the district court found that plaintiff was placed on notice that malpractice may have been involved by the date of July 24, 2016, when he was advised that the blood clots were the cause of his wife's severe headaches for which she previously sought treatment at SFMC. The district court rendered judgment granting SFMC's exception of prescription and dismissing plaintiff's complaint. The plaintiff appeals the judgment.
DISCUSSION
The plaintiff contends the district court erred in granting the defendant's exception of prescription. Plaintiff argues that his second complaint was timely because it was filed within one year of the discovery of his medical malpractice claim in January 2017.
An action for damages for injury or death against a hospital arising out of patient care shall be filed within one year from the date of the alleged act, omission or neglect or within one year from the date of discovery of the alleged negligence. La. R.S. 9:5628. Prescription begins when a person obtains actual or constructive knowledge of the facts indicating to a reasonable person that he is the victim of a tort. Campo v. Correa , 2001-2707 (La. 6/21/02), 828 So.2d 502. When a party has sufficient information to excite attention or put a reasonably-minded person on guard and call for inquiry, he has the constructive knowledge necessary to start the running of prescription.
*1187 Abbott v. LSU Medical Center-Shreveport , 35,693 (La. App. 2 Cir. 2/27/02), 811 So.2d 1107, writ denied , 2002-0952 (La. 5/31/02), 817 So.2d 104.
The law of prescription does not require that the patient be informed by a medical practitioner or an attorney of possible malpractice before the limitation period begins to run. LaGrange v. Schumpert Medical Center , 33,541 (La. App. 2 Cir. 6/21/00), 765 So.2d 473. Prescription does not run as long as it is reasonable for a plaintiff not to recognize that the injury may be related to treatment. LaGrange, supra . When a plaintiff has knowledge of facts strongly suggestive that the untoward condition or outcome may be the result of improper treatment and there is no effort by the health care provider to mislead or cover up information which is available to plaintiff through inquiry, then the cause of action is reasonably knowable to plaintiff. Inaction by a plaintiff for more than one year under such circumstances is not reasonable. Abbott, supra .
When the district court's ruling is based on factual conclusions after receiving evidence, the standard of review is manifest error. These findings are reviewed based on the record as a whole. Abbott, supra .
In the present case, plaintiff testified that his wife sought treatment for severe headaches at SFMC on two occasions and was told each time that such headaches were normal during pregnancy and was given pain medication. Plaintiff stated that when his wife was taken to University Health, he was told the CT scan showed that his wife had a blood clot in her brain and needed to be transferred. Plaintiff testified that after his wife was transported to Rapides Regional, he was told by a physician that the blood clot was the cause of the severe headaches suffered by his wife during the prior weeks. Plaintiff stated that he went to an attorney's office the following month because he wanted to look into the matter to determine whether his wife had received proper treatment.
In his brief, plaintiff asserts that he did not know any facts suggesting that SFMC was at fault in failing to treat his wife until January 2017. Contrary to plaintiff's assertion, the record shows that as of July 2016, plaintiff was aware of the persistence and increasing severity of his wife's headaches, that she was required to return to the hospital to seek treatment for the headaches, that SFMC had not done any tests even after his wife returned to the hospital complaining that her headaches were worse, that a CT scan performed soon after those visits to SFMC showed a blood clot in her brain and that the blood clot was the cause of his wife's symptoms.
Based on the evidence presented, there was a reasonable basis for the plaintiff to suspect that more could have been done to diagnose his wife's condition at SFMC as of July 24, 2016. At that time, he possessed knowledge of facts strongly suggestive that his wife's death may have been the result of improper treatment. The record demonstrates that in July 2016, plaintiff was aware of sufficient information to excite his attention that malpractice might have been involved in the treatment of his wife. Thus, the plaintiff's complaint filed in October 2017 was untimely because it was filed more than one year after plaintiff knew or should have known of the medical malpractice claim. Consequently, although the result appears harsh, we cannot say the trial court erred in granting SFMC's exception of prescription and dismissing plaintiff's complaint.
CONCLUSION
For the foregoing reasons, the trial court's judgment is affirmed. Costs of this *1188 appeal are assessed to the appellant, Montez Powell.
AFFIRMED.